**In re Charles E. COOKE, Jr., Debtor.**

**Bankruptcy No. 287–20039.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Jan. 19, 1988.

---

Robert B. Wilson, Lubbock, Tex., for Cooke.

Betty Jo Powers, Houston, Tex., for First Savings.

### ORDER ON MOTION FOR REHEARING

STEVEN A. FELSENTHAL,
Bankruptcy Judge.

On First Savings & Loan Association's ("First Savings") motion for rehearing, the court reconsiders the timeliness of First Savings' objection to debtor's homestead exemption under Bankruptcy Rule 4003(b). The debtor, Charles E. Cooke, Jr., did not originally claim the contested lots as part of his homestead exemption. At the meeting of creditors, however, Cooke announced that he claimed the contested lots as his homestead. First Savings attended that meeting and thereby obtained actual notice of the claimed homestead. More than 30 days after the meeting of creditors was concluded, Cooke filed his amended schedules claiming the lots as his homestead. Cooke failed to serve the amended schedules on First Savings. First Savings did not file its objection to the claimed homestead within 30 days after the meeting of creditors was concluded or within 30 days

after the amended schedules claiming the homestead were filed.

First Savings argues that Cooke's failure to serve the post-meeting of creditors amended schedules as required by Bankruptcy Rule 1009(a) tolled the 30–day requirement of Rule 4003(b) until First Savings obtained notice that the amended schedules were filed. When an amendment to the list of exemptions is filed after the meeting of creditors, Rule 4003(b) "protects possible objectors from being prejudiced by a late amendment by giving them thirty days from the date of the amendment to file objections." 8 Collier on Bankruptcy § 4003.04, p. 4003–9 (15th ed.1987). "A failure to give notice of any amendment might be a sufficient basis for tolling the thirty day deadline for ... any creditor to object to the amended exemptions claimed by the debtor." Norton Bankruptcy Law and Practice, Bankruptcy Rules, Editors' Comment (1983) to Rule 4003(b), at 249 (Callaghan 1987). Cooke did not serve First Savings with the amended schedules as required by Rule 1009(a). Had Cooke not given First Savings actual notice of the claimed exemption at the meeting of creditors, due process would certainly require tolling the 30–day deadline.

But Cooke did give First Savings notice at the meeting of creditors. Rule 4003(b) runs the time for filing an objection from the conclusion of the meeting of creditors because often all relevant facts may not be known, if at all, until the conclusion of that meeting. A creditor may not be in a position to file an objection to a debtor's claimed exemptions until the meeting of creditors has concluded. Norton, 247.

At the meeting of creditors, Cooke, responding to an inquiry from the trustee, announced that he claimed the contested lots as his homestead. Therefore, at the meeting of creditors, First Savings obtained the facts needed to determine whether to object to the exemption. Rule 4003(b) provided First Savings with 30 days from the conclusion of that meeting or the subsequent filing of an amended schedule to file an objection. During the 30 days following the conclusion of the meeting,

First Savings could have sought a time extension under Rule 4003(b) to review the actual amended schedules since none had been served. The rule thus provides a mechanism to protect a creditor who receives actual notice of a claimed exemption at a meeting of creditors but is not promptly served with an amended schedule. First Savings, with actual notice and full knowledge of the claimed exemption, sat on its rights.

First Savings argues that a creditor should not have to check daily with the bankruptcy court clerk following a meeting of creditors to determine if an amended schedule had been filed. This argument does not entitle First Savings to relief from the prior order.

If a debtor at the meeting of creditors reveals no information suggesting a change to the previously filed scheduled exemptions, Rule 4003(b) coupled with the service requirements of Rule 1009(a) protect a creditor's right to object to a claimed exemption in a subsequently filed amended schedule. If a debtor, however, does reveal information changing a previously scheduled exemption, a creditor has 30 days after the conclusion of the meeting to file an objection or obtain a time extension to protect its interests.

In addition, a procedural rule containing a time bar that requires a party to monitor a court record for a filing does not necessarily impose an unreasonable burden on that party. Analogously, the federal rules of appellate procedure require a litigant who receives an unfavorable court ruling to vigilantly monitor the case for entry of a final judgment or order if that litigant wants to preserve the right to appeal. *See* Fed.R.App.P. 4(a); *Nelson v. Foti,* 707 F.2d 170, 171 (5th Cir.1983).

Many bankruptcy rules with strict time requirements seek to further the prompt resolution of bankruptcy cases. *See e.g., Jones v. Hill (In re Hill),* 811 F.2d 484, 487 (9th Cir.1987). By requiring First Savings to act on its actual notice and full knowledge, Rule 4003(b) does not unreasonably frustrate the exercise of the creditor's substantive right to object to an exemption.

 

Upon the foregoing reasons,

IT IS ORDERED that First Savings & Loan Association's motion for rehearing is DENIED.