**In re Steven L. PETERSON and Judith A. Peterson, Debtors.**

**FIRST NATIONAL BANK OF ST. PETER, Appellant,**

v.

**Steven L. PETERSON and Judith A. Peterson, Appellees.**

**No. 90–5197–MN.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1990.

Decided March 28, 1991.

Reed Glawe, New Ulm, Minn., for appellant.

Patrick Moriarty, New Ulm, Minn., for debtors, appellees.

Before WOLLMAN, Circuit Judge, and HEANEY and FRIEDMAN,* Senior Circuit Judges.

_____

* DANIEL M. FRIEDMAN, Senior Circuit Judge, of the United States Court of Appeals for the

FRIEDMAN, Senior Circuit Judge.

The First National Bank of St. Peter (Bank) appeals from the judgment of the United States District Court for the District of Minnesota (Magnuson, J.) affirming the bankruptcy court's order striking, as untimely filed under Fed.R.Bankr.P. 4003(b), the Bank's objection to a claimed homestead exemption. *First National Bank v. Peterson (In re Peterson)*, Civ. No. 3–89–0787, slip op. (D.Minn. Mar. 15, 1990). We affirm.

I.

The appellees, Mr. and Mrs. Peterson (the Petersons) filed a voluntary bankruptcy petition in July 1986. They listed the Bank as one of two secured creditors and as the sole unsecured creditor. At the first meeting of creditors in August 1986, which the Bank's counsel attended, the Petersons stated that they recently had constructed a house (not shown on the property schedules) on land owned by Peterson's father and lived there. After the bankruptcy trustee commenced a proceeding to recover the value of the house, the Petersons on June 14, 1988, filed amended schedules describing the house as "used and occupied by debtors as family homestead" and claiming that it was exempt under Minnesota homestead law, Minn.Stat. § 510.01. The Petersons served the amended schedules upon the trustee, but not upon the Bank.

On July 18, 1988, the trustee filed an objection to the amended exemption schedule, which specifically noted the claim that the house was exempt property. The trustee mailed a copy of the objection to, among others, the Bank. On September 14, 1988, the trustee filed an amended objection, again noting the claimed homestead exemption, and served a copy upon the Bank. The bankruptcy court struck the trustee's objection as untimely filed, and the district court and this court affirmed. *See Halverson v. Peterson (In re Peterson)*, 920 F.2d 1389 (8th Cir.1990).

In a telephone conversation on April 19, 1989, the trustee told the Bank about the

Federal Circuit, sitting by designation.

amended schedules claiming the exemption for the house. On May 11, 1989, the Bank filed an objection to the amended schedules. The bankruptcy court overruled the objection as untimely under Fed.R.Bankr.P. 4003(b), which requires that such an objection be filed within 30 days of "the filing of any amendment to the [exempt property] list...."

The district court affirmed. *First National Bank v. Peterson* (*In re Peterson*), Civ. No. 3–89–0787, slip op. (D.Minn. Mar. 15, 1990). The court first held that because the Bank had not complied with the requirement in the local bankruptcy rules that creditors who wished to receive notice of filings must so inform the bankruptcy court, the Petersons were not required to serve the Bank with their amended schedules. *See* Loc.R.Bankr.P. 115(f). The court rejected the Bank's contention that the local requirement was invalid because it was inconsistent with the requirement in Fed.R.Bankr.P. 1009(a) that the debtor give notice of an amendment to "any entity affected thereby". *First National Bank v. Peterson* (*In re Peterson*), Civ. No. 3–89–0787, slip op. at 5.

The court then stated:

The Bank's objection was untimely for a second reason. The Bank received actual notice of the amended exemption on July 18, 1988 when it received a copy of the Trustee's objection to the amended exemption. Rule 1009(a) requires "reasonable notice." Here, the Bank received the specific information it needed to protect its interests on July 18, 1988. The Bank would have the court conclude that because the debtor did not directly provide notice to the Bank, there was no notice. This argument is unpersuasive. The trustee's objection was specific and definite, thus surpassing "informal notice." The objection also arose out of the debtor's proper notification of the trustee.

*Id.* at 5–6 (citations omitted). The court concluded that since "the objection placed the Bank on reasonable notice of the amended schedule of exempt property, the Bank's objection was untimely." *Id.* at 6.

II.

The Bank asserts that despite its failure to request notice under local bankruptcy rules, the Petersons were obligated under Rule 1009(a) to give it notice of the amendments because it was an "entity affected thereby," and that their failure to give notice "tolled the running of the 30–day period for filing objections to exemptions under Rule 4003(b)" "until the Bank received actual notice" of the amendments. The Bank claims that it "finally received actual notice of the amendments from the Trustee" through a telephone call to the Bank's counsel on April 19, 1989, and that "objection was filed within the 30–day period [thereafter on May 11, 1989], and therefore was timely filed."

We agree with the district court, however, that because the Bank received actual notice of the amendments when it received a copy of the trustee's objection in July 1988, its objection was untimely filed in May 1989, almost ten months later.

■ A debtor may amend the list of property claimed as exempt on Schedule B–4 "as a matter of course at any time before the case is closed" and the "debtor shall give notice of the amendment to the trustee and to any entity affected thereby." Fed.R.Bankr.P. 1009(a). "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after ... the filing of any amendment to the list unless, within such period, further time is granted by the court." Fed.R.Bankr.P. 4003(b). A timely objection to an amended exemption schedule, therefore, is one that is filed within 30 days after the filing of the amendment.

■ Some courts have held, however, that Rule 4003(b)'s 30–day period does not begin to run until the objecting party has "actual notice" of the claimed exemption at issue. *See, e.g., In re Cooke*, 84 B.R. 67, 68 (Bankr.N.D.Tex.1988) (Rule 4003(b)'s 30–day period not tolled since creditor had actual notice); *In re Fisher*, 63 B.R. 649, 650 (Bankr.W.D.Ky.1986) ("[Rule 4003(b)'s] language indicates that the purpose of the Rule is that creditors receive actual notice

of the filing and claimed exemptions."); *In re Waters*, 22 B.R. 387, 388 (Bankr.N.D. Tex.1982) ("A creditor clearly cannot be expected to comply with a time limitation when that creditor received no notice that the time period began.") Even under that rule, however, the Bank's objection was untimely since it was not filed within 30 days after the bank received actual notice of the amendments.

The Bank received actual notice of the Petersons' amendments claiming the homestead exemption in July 1988, when it received the trustee's objection to the amended exemption schedule, which clearly and specifically challenged the exemption. It received a second notice in September 1988 when it received the trustee's amended objection that again referred to the claimed homestead exemption.

The Bank contends that the notice was insufficient to trigger the 30–day period for filing an objection because the notice was given by the trustee rather than, as Rule 1009(a) specifies, by the debtor. The question, however, is the time when the Bank received actual notice of the filing of the amended exemption schedules, not the identity of the person who gave the notice. The record refutes the Bank's claim that it did not receive "actual notice" of the amendments until April 19, 1989, when the trustee told them about it in a telephone call. Indeed, under the Bank's theory even that notice was insufficient to start the running of the 30–day period, since it was given not by the debtors, but by the trustee.

The Bank apparently suggests that it could assume that no amendment of the schedules claiming exemptions had been filed because it received no notice thereof from the Petersons. The Bank was aware, however, that at the first meeting of creditors in August 1986, at which its counsel was present, the Petersons described the house and stated that it was their home. In the face of the actual notice it received, the Bank cannot justify its failure to file a timely objection on the theory that the actual notice it received was from the wrong person, and that it relied on the assumption that if the schedules were amended, the Petersons and not someone else would so inform the Bank.

The Bank purports to find support for its position in *In re Woodson*, 839 F.2d 610 (9th Cir.1988), where the court upheld as timely a creditor's objection filed 31 days after the filing of a supplemental schedule claiming an exemption for certain property of the bankrupt. There, however, the creditor (Fireman's Fund), whom the debtor (Woodson) had not served with a copy of the amended exemption schedule, filed its objection shortly after it discovered the new exemption claim. The court pointed out:

> Woodson's failure to serve Fireman's Fund with its supplemental schedule is particularly significant because Fireman's Fund's objection was filed only a day late. The objection might well have been timely had Fireman's Fund received the supplemental schedule when it was supposed to.

*Woodson*, 839 F.2d at 615 (citations omitted).

In the present case, in contrast, the Bank's receipt of actual notice meant that it suffered no prejudice from the failure of the Petersons to give it notice of their filing of the amended schedules. The Bank's failure to file its objection for many months after receiving that actual notice made the filing of its objection in May 1989 untimely. The district court correctly upheld the bankruptcy court's striking of the Bank's objection on that ground.

In view of our conclusion on that issue, we find it unnecessary to consider the district court's other ground of decision that the Bank's failure to comply with the local bankruptcy rule requiring it to request notice of filings made its objections to the amended schedules untimely.

## CONCLUSION

The judgment of the district court is affirmed.