United States Court of Appeals,

Fifth Circuit.

No. 93-9180.

Summary Calendar.

In the Matter of Gordon F. SADKIN, Debtor.

Perkins COIE, Appellant,

v.

Gordon F. SADKIN, Appellee.

Nov. 2, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

Appellant Perkins Coie ("Perkins"), a law firm headquartered in California, appeals from the district court's affirmance of the bankruptcy court's order that allowed Gordon F. Sadkin's claimed exemption of his wrongful garnishment cause of action and denied all relief requested by Perkins. We affirm the judgment of the district court.

I. BACKGROUND

Prior to events giving rise to this bankruptcy, Perkins represented the debtor Gordon F. Sadkin ("Sadkin") in various real estate ventures, allegedly earning attorneys' fees of more than $180,000. When a dispute over legal fees arose, Perkins filed a pre-judgment garnishment suit in a Texas district court. The court later granted Sadkin's Motion to Dissolve the Garnishment, ruling that the debt was not liquidated. Following the dissolution order,

1

on March 21, 1991, Sadkin filed a petition for relief under Chapter 11 of the Bankruptcy Code. On February 14, 1992, the bankruptcy court converted the case to a proceeding under Chapter 7 of the Bankruptcy Code. On March 25, 1992, Sadkin filed amended Chapter 7 schedules, including a schedule of property claimed to be exempt from distribution to creditors. Listed on that exemption schedule was a "[p]otential cause of action against Perkins Coie for damages for lost income due to wrongful garnishment." Although an initial creditors' meeting on March 30, 1992 was postponed, Sadkin's creditors, including a representative of Perkins, did meet on April 3, 1992.

On May 21, 1992, Perkins filed a late objection to Sadkin's "wrongful garnishment" exemption,[1] coupled with a motion for sanctions. In essence, Perkins' objection alleged that Sadkin had no legal basis for his claimed exemption of a potential wrongful garnishment cause of action. As a consequence, Perkins requested that the claimed exemption be stricken. Moreover, Perkins maintained that sanctions were warranted because Sadkin's cause of action was fraudulently and falsely designated as exempt property. At a July 27, 1992 hearing, the bankruptcy court found no fraud in Sadkin's actions. On August 14, 1992, the bankruptcy court issued a written order allowing Sadkin's exemption for a wrongful

_____

[1]Bankruptcy Rule 4003(b) provides in relevant part that "The trustee or any creditor may file objections to the list of property claimed as exempt *within 30 days after the conclusion of the meeting of creditors* held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court." Bankr.Rule 4003(b), 11 U.S.C.A. (emphasis added).

garnishment cause of action and denying all relief requested by Perkins. Similarly, in both an August 31, 1993 order and a November 22, 1993 order, the district court affirmed the decision of the bankruptcy court. The district court noted that "[t]aken as a whole, Sadkin's pleading is equivocal on the issue of whether Sadkin filed a false claim of exemption and, therefore, does not establish that sanctions are warranted."

## II. STANDARD OF REVIEW

A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review. *See Haber Oil Co. v. Swinehart (In re Haber Oil Co.),* 12 F.3d 426, 434 (5th Cir.1994). When the district court has affirmed the bankruptcy court's findings, this standard is strictly applied, and reversal is appropriate only when there is a firm conviction that error has been committed. *See Chiasson v. Bingler (In re Oxford Management Inc.),* 4 F.3d 1329, 1333 (5th Cir.1993). Similarly, the imposition of sanctions is a matter of discretion for the bankruptcy court; thus, we review under an abuse of discretion standard. *See Shipes v. Trinity Indus.,* 987 F.2d 311, 323 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993); *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 872-73 (5th Cir.1988) (en banc). Finally, conclusions of law are reviewed de novo. *See Chiasson,* 4 F.3d at 1333.

## III. ANALYSIS AND DISCUSSION

### A. Due Process

Perkins initially argues that the bankruptcy court's refusal

3

to consider its belated objection to the potential cause of action exemption denied its right to due process. Perkins' argument hinges on an interpretation of Bankruptcy Rule 1009(a), which states in the following relevant part:

> [a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. *The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.*

Bankr.Rule 1009(a), 11 U.S.C.A. (emphasis added). Perkins alleges that Sadkin failed to provide notice of the amended list of exemptions, and as a consequence, Perkins claims that it did not learn of the disputed exemption until after the time for filing objections had passed. *See* Bankr.Rule 4003(b), 11 U.S.C.A. (providing a thirty-day time period for objecting to claimed exemptions).

We reject Perkins' contentions. Rule 1009(a) does not require any particular type of notice. Even though Sadkin's amended schedules were not served on Perkins, the bankruptcy court implicitly found that Perkins had actual notice of Sadkin's claimed exemption. Such notice is adequate to satisfy Rule 1009(a) and to meet due process concerns. *See First Nat'l Bank v. Peterson (In re Peterson),* 929 F.2d 385, 386-88 (8th Cir.1991) (finding that a creditor's receipt of a trustee's objection to amended exemptions provided actual notice of the claimed exemptions to satisfy Rule 1009(a)); *In re Cooke,* 84 B.R. 67, 68-69 (Bankr.N.D.Tex.1988) (concluding that a debtor's announcement of a homestead claim at a meeting of creditors provided actual notice of the claimed exemption to satisfy Rule 1009(a)). It is undisputed that on March

4

25, 1992, Sadkin filed amended schedules, including the contested exemption. Perkins had knowledge that these amended schedules had been filed, and therefore, Perkins knew that changes had been made. In addition, at an April 3, 1992 creditors' meeting attended by a representative of Perkins, Sadkin discussed and answered questions about his purported claim of wrongful garnishment against Perkins. In fact, the record states that the trustee questioned Sadkin at that meeting about his purported claim of wrongful garnishment. The record further notes that the trustee, after questioning Sadkin, determined that the claim was of *de minimis* value to the estate and decided to abandon it.[2] Nevertheless, despite the discussions about the claim, Perkins did not object until May 21, 1992—well after the thirty-day deadline of Rule 4003(b).

The bankruptcy court allowed the exemption and denied all relief, implicitly finding that the discussions involving the potential wrongful garnishment cause of action provided actual notice that the claim had been designated as exempt. *Cf. Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994) ("The denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion."). No evidence in the record indicates that this finding

---

[2]The Ninth Circuit has noted that "[w]hen there is an independent trustee, most creditors, particularly smaller ones, are likely to rely on the trustee to smoke out any assets properly belonging to the estate. The debtor's responsibility to serve creditors is therefore narrower." *Fireman's Fund Ins. Co. v. Woodson (In re Woodson),* 839 F.2d 610, 615 n. 6 (9th Cir.1988).

is clearly erroneous. Thus, Perkins' actual notice of the exemption satisfied both the notice requirement of Rule 1009(a) and fundamental due process concerns. Indeed, with knowledge that amended schedules had been filed, Perkins could have sought a time extension under Rule 4003(b) to insure that it had fully informed itself of the schedule changes. Moreover, considering that the amended schedules were filed with the bankruptcy clerk on March 25, 1992, Perkins could have examined the schedules within the thirty-day period for objections, and Perkins certainly could have examined them before the May 21, 1992 filing date of its objection. As the bankruptcy court noted in *In re Cooke* :

> [A] procedural rule containing a time bar that requires a party to monitor a court record for a filing does not necessarily impose an unreasonable burden on that party. Analogously, the federal rules of appellate procedure require a litigant who receives an unfavorable court ruling to vigilantly monitor the case for entry of a final judgment or order if that litigant wants to preserve the right to appeal.

84 B.R. at 68. Requiring Perkins to act on its actual notice of the potential cause of action exemption does not unreasonably frustrate the creditor's right to object to an exemption, nor does it undermine the creditor's due process protections. *Cf. Sequa Corp. v. Christopher (In re Christopher),* 28 F.3d 512, 519 (5th Cir.1994) ("[D]ue process requires only notice that is both adequate to apprise a party of the pendency of an action affecting its rights and timely enough to allow the party to present its objections.").

## B. Sanctions for Fraud

Pervading Perkins' brief, and especially its second, third,

6

and fourth arguments, are assertions that Sadkin "fraudulently" and "falsely" designated the potential wrongful garnishment claim as exempt property, and Perkins' request for the court to sanction Sadkin by striking the "meritless exemption claim" under Bankruptcy Rule 9011.[3]  Perkins offers no evidence of this misconduct except for highlighting various paragraphs which were admitted by Sadkin in his response to Perkins' "Objection to False Designation of Exempt Property" ("Objection").[4]  The bankruptcy court denied all relief requested by Perkins in its Objection, as the court did not find any fraud on the part of the debtor.  The district court affirmed, noting that "[t]aken as a whole, Sadkin's pleading is equivocal on the issue of whether Sadkin filed a false claim of

---

[3]Bankruptcy Rule 9011, which is substantially similar to Federal Rule of Civil Procedure ("FRCP") 11, provides in relevant part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document;  that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension ... of existing law;  and that it is not interposed for any improper purpose....  If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose ... an appropriate sanction.

Bankr.Rule 9011(a), 11 U.S.C.A.  Perkins also claims that the Court has the authority to sanction Sadkin under FRCP 11.

[4]The complete title of Perkins' initial objection to the exemption is "Objection to False Designation of Exempt Property, Motion to Extend Time to Object to Debtor's Claimed Exemptions, Motion for Sanctions and to Strike Debtor's Fraudulently Claimed Exemptions, and Motion for Relief Under Rule 60(b) and Bankruptcy Rules 9024 and 1007."

7

exemption, and, therefore, does not establish that sanctions are warranted under Rule 9011."

We find nothing in the record to indicate that the bankruptcy court abused its discretion in denying sanctions. The bankruptcy court implied that Sadkin's exemption was a theory based on a loss of future earning capacity that, regardless of its validity, did not warrant a Rule 9011 sanction. In addition, although Perkins emphasizes Sadkin's admissions, there are relevant denials that undermine the allegations of fraud and counsel against reversal of the bankruptcy court's findings. For example, Sadkin's denials of paragraphs 2, 7, and 9 of Perkins' Objection rebut the allegations of fraud, intent to mislead, and willful abuse of the bankruptcy process. By itself, Sadkin's response is not enough to compel this Court to reverse the denial of sanctions, and with no other evidence of fraud presented by Perkins, sanctions are not warranted.

Moreover, assuming, without deciding, that Sadkin's claimed exemption of a potential wrongful garnishment cause of action is without a colorable basis, striking Sadkin's exemption claim would still not be warranted because of Perkins' belated objection to the exemption. As the Supreme Court noted in *Taylor v. Freeland & Kronz,* --- U.S. ----, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Bankruptcy Code describes the following procedure for claiming and objecting to exemptions:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*

8

*Id.* at ----, 112 S.Ct. at 1647 (quoting 11 U.S.C. § 522(*l* ) (1988)) (emphasis added). The Supreme Court continued by noting that although Section 522(*l* ) does not specify the time for objecting to a claimed exemption, Bankruptcy Rule 4003(b) provides a thirty-day deadline. *See id.* In *Taylor,* the appellant filed a late objection to the debtor's claimed exemption, but nevertheless argued that late objections should be allowed under Section 522(*l* ) and Bankruptcy Rule 4003(b) if a debtor does not have "a good-faith or reasonably disputable basis" for claiming the exemption. *Taylor,* --- U.S. at ---- - ----, 112 S.Ct. at 1647-48. The appellant justified this interpretation by asserting that "requiring debtors to file claims in good faith will discourage them from claiming meritless exemptions merely in hopes that no one will object." *Id.* at ----, 112 S.Ct. at 1648.

The Supreme Court squarely rejected this argument. Writing for the Court, Justice Thomas adopted a literal approach to the interpretation of Section 522(*l* ) and Bankruptcy Rule 4003(b). As Justice Thomas explained:

> Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30-day period. Section 522(*l* ) therefore has made the property exempt. [A trustee] cannot contest the exemption at this time *whether or not [the debtor] had a colorable statutory basis for claiming it.*

*Id.* (quoting Bankr.Rule 4003(b), 11 U.S.C.A.) (emphasis added). After observing that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality," the

Court concluded, "[w]e have no authority to limit the application of § 522(*l* ) to exemptions claimed in good faith." *Id.* at --- - ----, 112 S.Ct. at 1648-49.

In the instant case, Sadkin's creditors, including a representative of Perkins, met on April 3, 1992. Perkins' Objection to the claimed exemption was filed on May 21, 1992—well past the thirty-day deadline of Rule 4003(b). Even if the disputed exemption is wholly without merit and devoid of a statutory basis, *Taylor* still holds that the claim is exempt under Section 522(*l* ) because of the late objection. Thus, we find no basis for striking the exemption.

### C. Equitable Relief

In its fifth argument, Perkins asserts that the bankruptcy court abused its discretion in not using the equitable powers granted by Section 105(a) of the Bankruptcy Code[5] or Federal Rule of Civil Procedure 60(b)[6] to sustain Perkins' late objection. We

---

[5]Section 105(a) of the Bankruptcy Code provides the following:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (1988).

[6]The relevant portions of Federal Rule of Civil Procedure 60(b) provide the following:

> On motion and upon such terms as are just, the court

10

decline the invitation to grant relief under these provisions.

First, "Section 105(a) permits courts to enforce the rules in order to prevent an abuse of process."  As noted, however, the bankruptcy court found no fraud on the part of the debtor and no additional evidence in the record suffices to undermine this finding.  Thus, we find no "abuse of process" that calls for invocation of Section 105(a).

Second, Section 105(a) authorizes a bankruptcy court "to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code."  *Chiasson v. Bingler (In re Oxford Management Inc.),* 4 F.3d 1329, 1333 (5th Cir.1993). Nevertheless, "the powers granted by that statute must be exercised in a manner that is consistent with the Bankruptcy Code."  *Id.* at 1334.  The statute " "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.' " *Id.* (quoting *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986)).

In the instant case, the use of equitable powers to sustain Perkins' belated Objection would be inconsistent with the operation of Section 522(*l* ), Bankruptcy Rule 4003(b), and the Supreme Court's interpretation of these provisions in *Taylor.*  Simply put,

---

may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect ... (3) fraud[,] ... misrepresentation, or other misconduct of an adverse party ... or (6) any other reason justifying relief from the operation of the judgment.

11

Perkins missed the explicit thirty-day deadline for filing objections, and Section 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[3] (Lawrence P. King et al. eds., 15th ed. 1994). The bankruptcy court and the district court saw no reason to excuse Perkins' delay, and given the Supreme Court's holding in *Taylor,* the Bankruptcy Rules were properly enforced as written.[7]

Finally, Section 105(a) provides equitable powers for the bankruptcy court to use at its discretion. *See In re Danielson,* 981 F.2d 296, 298-99 (7th Cir.1992) ("Whatever power § 105(a) creates, it reposes in bankruptcy judges rather than appellate courts and does not upset the norm of timeliness."). The bankruptcy court found no fraud on the part of Sadkin and allowed the exemption to stand. We find nothing in the record to indicate that the bankruptcy court abused its equitable discretion in reaching these conclusions.

Similarly, the bankruptcy court did not abuse its discretion in refusing to grant relief under FRCP 60(b)(1), (3), and (6). The court implicitly found that Perkins had actual notice of the disputed exemption; therefore, there is no justifiable mistake, inadvertence, or other ground that warrants relief under Rule 60(b)(1). The court found no fraud on the part of Sadkin;

---

[7]As Judge Easterbrook noted while denying equitable relief under Section 105(a), "[e]nforcing the Bankruptcy Rules according to their terms cannot be an abuse of discretion." *In re Danielson,* 981 F.2d 296, 299 (7th Cir.1992).

therefore, no relief is warranted under Rule 60(b)(3).  In addition, as we have already noted, the record does not indicate that these findings are clearly erroneous or an abuse of discretion.  Finally, with no further evidence of misconduct or justifiable error in the record, relief under the "catch-all" Rule 60(b)(6) is also not warranted.[8]

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court affirming the bankruptcy court's denial of all relief requested by Perkins is AFFIRMED.

---

[8]We also find that the district court did not abuse its discretion in refusing to allow Perkins to supplement the record on appeal.  Even if the record should have been supplemented with the transcript of the July 27, 1992 hearing before the bankruptcy court, the district court's refusal would present only harmless error, as the transcript is not helpful to Perkins' position. *See* Fed.R.Civ.P. 61.  Sadkin himself cites numerous portions of the transcript in his brief that do not support Perkins' arguments.  Moreover, the bankruptcy court made specific findings in the transcript that undermine Perkins' contentions.  As the bankruptcy court noted, "I don't know that there's any great particular harm here, and I would have trouble seeing fraud."  In short, the transcript does not aid Perkins' efforts.