**In re Randy and Mary Jo SNYDER, Debtors.**

**Bankruptcy No. 97–18892–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Dec. 10, 1997.

Randy L. Goodman, Oklahoma City, OK, for Movant/Creditor.

Deborah R. Dawson, Riggs, Abney, Neal, Turpen. Orbison & Lewis, Oklahoma City, OK, Respondent/Debtors.

### MEMORANDUM OF DECISION AND ORDER GRANTING DEBTORS' MOTION TO AVOID THE LIEN OF BENEFICIAL OKLAHOMA, INC.

RICHARD L. BOHANON, Bankruptcy Judge.

In their bankruptcy schedules the debtors claimed as exempt their household goods and furnishings.[1] No one made any objection to

---

1. Oklahoma has "opted out" of the federal exemption scheme. See 31 O.S. § 1.B.

their claim within the time provided by Rule 4003(b) Fed.R.Bankr.P.

The debtors then moved to avoid the non-purchase money lien of Beneficial Oklahoma, Inc. Beneficial responded to the motion and objected to the relief requested, alleging that the some of the items are not exempt as required by 11 U.S.C. § 522(f). This response was filed within the time allowed for objections to claims of exemption by Rule 4003(b).

The only issue raised at the hearing on the motion was whether or not the particular items are exempt. Neither party offered any evidence other than an exhibit prepared by Beneficial merely listing the particular items which are the subject of the motion.

 It is unquestionned that if no objection is made within the 30 days permitted by Rule 4003(b) whatever is listed by the debtors is deemed exempt, regardless of the character of the claimed property. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). This raises the question whether Beneficial's response to the lien avoidance motion can be deemed an objection to the claim of exemption. The pleading, on its face, states that it is an "objection to debtors lien avoidance" and in the body merely says that "[s]aid debtors attempt to treat the goods secured by Beneficial as exempt when some are not." This pleading simply is not an objection to the claim of exemption but plainly is an opposition to the motion for lien avoidance. It cannot be deemed to be the objection contemplated by Rule 4003(b).[2] The items in question are, therefore, exempt and the debtors' request for avoidance of the lien be granted.

However, even if Beneficial's response were to be deemed a timely objection to the claim of exemption the motion still would be granted. This is so for Beneficial did not offer any evidence that would prove the property not to be exempt. As stated in *In re Crisp,* 215 B.R. 476 (Bankr.W.D.Okla. 1997) the burden of proof falls on the party objecting to the claim of exemption to prove that the exemption is not properly claimed. This is provided in Rule 4003(c). Beneficial's only evidence was a list of its collateral which only proves that certain items were pledged as security for the loan. It argues that the items, as a matter of law, are not exempt. The question of whether or not the exemptions are properly claimed, however, is one of fact, not law. In the absence of admissible, relevant evidence sufficient to sustain the burden the objection must be denied.

Accordingly, the relief requested in the motion is granted and Beneficial's lien is avoided.

---

**2.** A request for relief must be by motion which must state with particularity the grounds there- for. Rules 9014 and 9013, Fed.R.Bankr .P.