**In re Mona and Richard CRISP, Debtors.**

**Bankruptcy No. 97–19047–BH.**

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 10, 1997.

---

Randy L. Goodman, Midwest City, OK, for Movant/Creditor.

Robert N. Sheets, Phillips, McFall, McCaffrey, McVay & Murrah, P.C., Oklahoma City, OK, for Respondents/Debtors.

## MEMORANDUM OF DECISION AND ORDER DENYING BENEFICIAL OKLAHOMA'S OBJECTION TO CLAIM OF EXEMPTION

RICHARD L. BOHANON, Bankruptcy J.

A creditor, Beneficial Oklahoma, Inc., has objected to debtors' claim of exemption to a "second" television set. Since Oklahoma has "opted out" of the federal exemption scheme the issue turns on whether the television is exempt under state law. *See* 31 O.S. § 1.B.

The debtors' claim is made under 31 O.S. § 1.A.3 which allows an exemption for "[a]ll household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person."

In interpreting and applying the Oklahoma exemption scheme in bankruptcy cases the federal courts have applied a judicial gloss saying that, in order for property to be exempt, it must be reasonably necessary for the maintenance of the debtors' home. *See eg. In re Davis,* 134 B.R. 34 (Bankr. W.D.Okla.1991) and the cases cited.

In *Davis* Judge Lindsey thoroughly reviewed the cases interpreting the Oklahoma law and concluded that "[t]his court knows of no reason why more than one television set should be held to be reasonably necessary to the maintenance of the household, and no evidence or contention has been offered in this case in favor of any such exemption." *Davis* at 40. The decision makes it clear that neither party offered any evidence with regard to the issue.

In my view *Davis* improperly places the burden of proving reasonable necessity on the debtor when it states that no evidence was offered in favor of the exemption.

Rule 4003 Fed.R.Bankr.P. plainly states that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." In this case, as in *Davis,* the objecting creditor offered no evidence of the lack of reasonable necessity for the debtors to retain the second television set.

I am unable to agree that a court by a rule of law can *ipso facto* determine that in all cases a second television set is never reasonably necessary for maintenance of the debtors' home. It is foreseeable that there can be circumstances when no television set is reasonably necessary for particular debtors and, in other cases, that numerous sets could be necessary. This is particularly so in Oklahoma where there is no monetary limit on the debtors' homestead and the necessity of more than one television could be different in cases of large homes with many living rooms, studies, dens, etc. The number of dependents also could present facts relevant to the particular case. Another factor could be the use of the television sets made by the debt-

ors and their dependents. The list of conceivably relevant issues is unlimited.

In sum, it is the burden of the objecting party to prove, as a matter of fact, that the second television set is not reasonably necessary for maintenance of the home in the particular case. This can only be accomplished by offering evidence to prove the point and here none was offered.

Accordingly, the objection to the claim of exemption brought by Beneficial Oklahoma, Inc. is denied.