**In re Norman E. SYLVIA, Jr., Alison W. Sylvia, Debtors.**

**Bankruptcy No. 91–23269.**

United States Bankruptcy Court, D. Connecticut.

April 30, 1998.

Joel Kessler, Waterford, CT, for Suroviak Electric, Inc. and LaFramboise Well Drilling, Inc., creditors.

Kenneth E. Lenz, The Lenz Law Firm, Cheshire, CT, for debtors.

*MEMORANDUM AND ORDER ON MOTION TO PERMIT OUT-OF-TIME FILING OF OBJECTION TO EXEMPTION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Suroviak Electric, Inc. ("Suroviak") and LaFramboise Well Drilling, Inc. (together, "the creditors"), on November 19, 1997, filed a motion (the "motion") allegedly pursuant to Fed.R.Bankr.P. 4003(b) seeking permission for Suroviak to file out of time an "Objection To The Exemption previously filed by the debtors on or about May 20, 1997." *Motion* at 1. Norman E. Sylvia, Jr. and Alison W. Sylvia ("the debtors") object to the granting of the motion.

II.

The debtors filed their Chapter 7 petition on October 10, 1991. On May 28, 1997, they amended their schedule of property claimed as exempt ("the amendment"), adding the following claimed exemption:

17. Monarch Life Insurance—disputed disability insurance benefits claim.

| | |
|---|---|
| Current value of property | $9500.00 |
| Specific law providing for exemption | 11 U.S.C. § 522(d)(10)(C) and 11 U.S.C. § 522(d)(11)(E) |
| Amount claimed exempt: | $9500.00 |

Kenneth E. Lenz ("Lenz"), the debtors' attorney, filed with the court a certification of service in which he certified that in addition to serving copies of the amendment on the U.S. Trustee and the estate trustee, he served a copy upon "Joel Kessler, Esq., P.O. Box 1178, Waterford, CT 063850, Attorney for Suroviak Electric, Inc." via first class mail, postage prepaid. The creditors' attorney, Joel Kessler ("Kessler"), in an affidavit submitted with

the motion, denies that he received a copy of the amendment. *Kessler Aff.* ¶ 2. Kessler points to the zip code Lenz utilized, "063850" instead of the correct "06385," as the likely reason he did not receive it, averring that the amendment "had to have been lost in the mail." *Id.* ¶ 3.

Kessler included in his affidavit the following averment:

2. In the Debtors' brief in the adversary proceeding, Suroviak Electric, Inc., et al, v. Sylvia, counsel for the Debtors mentioned that the Debtors had filed an amendment to the claims for exemption and has listed the money that they received through the Monarch Life Insurance litigation as being exempt. Unfortunately, I did not receive a copy of the alleged amendment and knew nothing about it until Debtors' counsel mentioned it in his brief.

The debtors' brief to which Kessler refers is dated September 19, 1997 and was received by the court on September 22, 1997. Lenz certified that he sent the brief on September 19, 1997 to Kessler as "Attorney for Suroviak Electric, Inc. and LaFramboise Well, Plaintiffs."

### III.

Bankruptcy Rule 1009(a) provides, in pertinent part, that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." Fed.R.Bankr.P. 1009(a). Bankruptcy Rule 4003(b) provides in relevant part that "[t]he trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the ... filing of any amendment to the list...." Fed.R.Bankr.P. 4003(b).

■ The Initial question that the debtors raise is whether any parties other than the estate trustee and the U.S. Trustee are entitled to notice of the filing of an amendment. The debtors contend that they were not required to give notice to creditors and note that "[t]he trustee in a Chapter 7 case has the primary duty to review claims of exemption and to object when warranted." *Debtor's Brief* at 1, 2. The court concludes that an amendment adding an exemption to a debtor's exemption schedules requires notice to all unsecured creditors since all may be affected by such an amendment. *See Cassani v. Glinka (In re Cassani),* 214 B.R. 459, 462 (D.Vt.1997) ("Each creditor is an 'entity affected' by an amendment to a schedule of property claimed as exempt."); *In re Ginn,* 186 B.R. 898, 900 (Bankr.D.Md.1995) ("A debtor must notice an amendment to the debtor's claim of exempt property, Schedule C, to all creditors.... Each creditor is an entity affected by an amendment to a debtor's schedule of property claimed as exempt, because exempt property is not available for distribution to creditors and because each creditor '... may file objections to the list of property claimed as exempt....'"); *In re Waltjen,* 150 B.R. 419, 424–25 (Bankr.N.D.Ill.1993) (stating that the debtor's motion to add withheld wages to his exemption schedules "must be noticed to all creditors under Fed. R.Bankr.P. 1009(a) because creditors might be affected by such motion,"). *Cf. In re Woodson,* 839 F.2d 610, 615 (9th Cir.1988) (reading Bankruptcy Rule 1009 to require "reasonable notice" of amendments to exemptions schedules and notification of only "those creditors who have a sufficient stake in the issue that they would be likely to object").

The debtors next contend that, if notice is required, they gave appropriate notice to the creditors as indicated in the Lenz certification. They assert that Kessler's reliance on the incorrect zip code number for his statement he never received the amendment is not credible.

■ The court need not resolve the dispute over whether Kessler received the amendment because of Kessler's admission in his affidavit that the debtors' brief provided him with *actual notice* of the amendment by September 22, 1997. If the debtor fails to send notice to a party that is entitled to notice of an amendment to a

claim of exemption, the party's receipt of *actual notice* of the amendment starts the 30-day period established by Rule 4003(b) for filing objections to the exemption claim. *See Perkins Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 475 (5th Cir.1994) (holding that "Rule 1009(a) does not require any particular type of notice" and that actual notice satisfies Rule 1009(a) and meets due process concerns); *First Nat'l Bank of St. Peter v. Peterson (In re Peterson),* 929 F.2d 385, 387 (8th Cir.1991) (finding that actual notice of an amendment to claimed objections triggers the 30-day period for filing objections to the amendment); *In re Cooke,* 84 B.R. 67, 68 (Bankr.N.D.Tex.1988) (holding that the debtor's failure to serve creditors with amended exemption schedules did not toll the 30-day period for objecting to the amendment because the objecting creditor had received actual notice of the amendment).

■ The instant motion, treated as an objection to the debtor's amended exemption, was filed well in excess of the 30-day period that started on September 22, 1997. The creditors' additional argument in their reply brief, that the court should, *sua sponte,* deny the debtors' claim for exemption in light of the court's conclusions in its ruling revoking the debtors' discharges, is unavailing in light of the Supreme Court's ruling in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–45, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280, 287 (1992) (holding that after the Rule 4003(b) 30-day period for objecting to claimed exemptions has expired, the court has no authority to extend the time for filing objections, even if the debtor had no colorable basis for the exemptions claimed).

### IV.

The creditors' motion must be denied, and it is

SO ORDERED.