Henry George BANKE, III, Pamela Sue Banke, Debtors.

No. 01–01281–W.

United States Bankruptcy Court, N.D. Iowa.

Oct. 3, 2001.

■■■

Joseph A. Peiffer, Cedar Rapids, IA, for Debtors.

Michael C. Dunbar, Waterloo, IA, trustee.

## ORDER RE REQUEST TO EXTEND TIME FOR FILING OBJECTIONS TO EXEMPTIONS AND OBJECTION TO EXEMPTION

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on September 19, 2001 on Request to Extend Time for Filing Objections to Exemptions and Objection to Exemption. Creditor/Movant Maynard Savings Bank was represented by John W. Hofmeyer, III. Debtors Henry and Pamela Banke were represented by Joseph Peiffer. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

The Bank wishes to object to Debtors' claim that their boat, motor and trailer are exempt tools of the trade. Debtors assert the Bank is barred from objecting because the deadline for objecting to that exemption has passed.

### FINDINGS OF FACT

Debtors filed their Chapter 7 petition on April 13, 2001. They filed their original Schedule C setting forth claimed exemptions on May 15, 2001. On June 8, 2001, Debtors filed an amended Schedule C claiming their boat, motor and trailer exempt as tools of the trade under Iowa Code sec. 627.6(10), with a value of $5,000.

The Certificate of Service shows Debtors' attorney mailed copies of amended Schedule C only to the U.S. Trustee, the Chapter 7 Trustee, and Debtors. The Bank has not sought to receive notice of filings in this case pursuant to Rule 2002. It did not receive a copy of amended Schedule C when it was filed.

More than 30 days after Debtors filed the amendment to Schedule C, the Bank filed its Request to Extend Time and Objection to Exemptions on August 17, 2001. Other pertinent dates include:

| Date | Event |
|---|---|
| 5/22/01 | § 341 creditors meeting held |
| 6/8/01 | Bank files Motion for Relief from Stay |
| 6/14/01 | Debtors file resistance to Motion for Relief from Stay, stating "the boat has been claimed as exempt and Henry uses it as a tool of his trade in conducting fishing tours" |
| 8/8/01 | Debtors file Motion to Avoid lien, stating boat is exempt |

The Bank states it did not get notice of Debtor's amendment to Schedule C in time to object. It urges the Court to deem its Motion for Relief from Stay filed June 8, 2001 a timely objection to exemption. On the merits, the Bank argues Debtors were conducting no business at the petition date which used the boat, motor and trailer as tools of the trade.

Debtors respond it was the Bank's responsibility to request copies of filings under Rule 2002. They state the Bank did not request copies of schedules until after the deadline for filing an objection to exemptions. Debtors' assert Mr. Banke's guide boat business uses the boat, motor and trailer. They state the business was only temporarily suspended at the petition date and they have since earned $1,200 plus tips providing guide boat services.

## CONCLUSIONS OF LAW

A debtor may amend the list of property claimed exempt "as a matter of course at any time before the case is closed" and the "debtor shall give notice of the amendment to the trustee and to any entity affected thereby." Fed. R. Bankr.P. 1009(a); *In re Peterson,* 929 F.2d 385, 387 (8th Cir.1991). Section 522(*l*) states that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."

Federal Rule of Bankruptcy Procedure 4003(b) governs the time for filing objections to exemptions.

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr.P. 4003(b). A timely objection to an amended exemption schedule, therefore, is one that is filed within 30 days after the filing of the amendment. *Peterson,* 929 F.2d at 387. Courts strictly adhere to this deadline which prompts parties to act and produces finality. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The bankruptcy code places the burden on interested parties to timely object to questionable exemptions. *In re Wick,* 256 B.R. 618, 625 (D.Minn.2001). It is the responsibility of creditors to object and absent objections the property is deemed exempt. *In re Indvik,* 118 B.R. 993, 1006 (Bankr. N.D.Iowa 1990).

In *Peterson,* the Eighth Circuit considered whether a creditor's objection to exemptions was timely where the debtors failed to give notice of an amendment to the list of exemptions as required in Rule 1009(a). The court calculated the 30–day period of Rule 4003(b) beginning with the time the creditor received "actual notice" of the claimed exemption. 929 F.2d at

387. The court found the creditor received actual notice when it received a copy of the trustee's objection to the amended exemption schedule, which clearly and specifically challenged the exemption. *Id.* at 388. Receipt of actual notice means that the creditor suffers no prejudice from the debtors' failure to give it notice of the amended list of exemptions. *Id.* "The Bank's failure to file its objection for many months after receiving [ ] actual notice made the filing of its objection ... untimely." *Id.*

Other courts have also used the time of "actual notice" of the exemption to trigger the 30–day objection period. *See Preblich v. Battley,* 181 F.3d 1048, 1052–53 (9th Cir.1999) (collecting cases). In *In re Aurelio,* 252 B.R. 102, 104 (Bankr. N.D.Miss.2000), the court found no notice was given to a creditor as evidenced by the amended Schedule C which contained no certificate of service. It held the creditor's objection was timely where it was filed 34 days after the amendment was filed but within 30 days of receiving unofficial, actual notice of the amendment. *Id.* In *In re Sylvia,* 236 B.R. 128, 130 (Bankr.D.Conn. 1998), a dispute arose over whether a creditor received a copy of the amended list of exemptions. The court found the creditor received actual notice of the amendment through language in the debtors' brief in a related adversary proceeding. *Id.*

The Bank asks the Court to consider its Motion for Relief from Stay, filed the same day as Debtors' amended Schedule C claiming the boat, motor and trailer exempt, a timely-filed objection to the exemption. It cites *In re Starns,* 52 B.R. 405, 411 (S.D.Tex.1985), which held that such a motion operated as an objection to the claim of exemption. It noted that the debtor received actual notice from the creditor early in the proceeding that the scheduled exemptions were disputed. *Id.* This Court has distinguished *Starns* in *In*

*re Indvik,* 118 B.R. 993, 1001 (Bankr. N.D.Iowa 1990) (Edmonds, J.), while discussing what constitutes an objection to exemption. The Court concluded that a prior turnover motion by a trustee was not the equivalent of an objection to exemption. *Id.* In *In re Snyder,* 215 B.R. 477, 478 (Bankr.W.D.Okla.1997), the court concluded a creditor's objection to a lien avoidance motion could not be deemed to be an objection to exemptions contemplated by Rule 4003(b). Another court noted that absent unusual circumstances, objections to exemptions must be filed and must be in writing. *In re Kazi,* 125 B.R. 981, 989 (Bankr.S.D.Ill.1991). Thus, a creditor who failed to file a written objection to exemptions could not rely on the debtors' actual knowledge of the creditor's objection to a claim of exemption. *Id.*

## ANALYSIS

Pursuant to the foregoing, the Bank had thirty days after receiving actual notice of Debtors' amended Schedule C claiming the boat, motor and trailer exempt in which to timely file an objection to that exemption. The § 341 meeting in this case occurred on May 22, 2001, before Debtors filed their amended Schedule C. Thus, the 30–day period to object under Rule 4003(b) depends on the time the amended exemption was filed and noticed.

█ Debtors concede that the Bank is an "affected party" entitled to notice of the amendment and that they failed to give notice to the Bank as required in Rule 1009(a). The Bank's failure to request copies of filings under Rule 2002 does not excuse Debtors from giving notice under Rule 1009(a). Thus, the deadline to object to the exemption is extended beyond 30 days after the amended Schedule C was filed to 30 days after the Bank received actual notice of the exemption. Once it received actual notice of Debtor's claim of

exemption, the Bank had the burden to file an objection within 30 days.

 On June 14, 2001, Debtors filed a resistance to the Bank's motion for relief from automatic stay. In paragraph 9, Debtors state "the boat has been claimed as exempt and Henry uses it as a tool of his trade in conducting fishing tours." The Certificate of Service shows Debtors' attorney's office sent a copy of the resistance to the Bank's counsel of record on June 14, 2001. Therefore, the Bank received "actual notice" of Debtors' claim of exemption of the boat, motor and trailer upon receipt of the resistance. Debtors' resistance clearly and specifically states the boat is claimed exempt. The Bank filed its objection to exemption of the boat, motor and trailer on August 17, 2001. More than 30 days elapsed between the Bank receiving actual notice of Debtors' exemption claim, through receipt of Debtors' resistance to the Bank's motion for relief from stay, and the filing of its objection. Therefore, the Bank's objection to the exemption is not timely.

 The Bank urges the Court to treat its Motion for Relief from Automatic Stay filed June 8, 2001 as an objection to exemption. The Court has reviewed that motion and finds there is no reference to Debtors' exemption of the boat, motor and trailer. As it was filed the same day as Debtors' amended Schedule C, it cannot be construed as a response to it. Furthermore, it gives no indication the Bank contemplated that Debtors intended to claim the boat, motor and trailer exempt and would object to such exemption.

**WHEREFORE,** the Request to Extend Time for Filing Objections to Exemptions and Objection to Exemption filed by Maynard Savings Bank is DENIED.

**FURTHER,** the Bank's objection to exemption of Debtors' boat, motor and trailer is DENIED as untimely.

**FURTHER,** absent timely objection, Debtors' boat, motor and trailer are exempt pursuant to § 522($l$).