**In re Paul Jean COFFMAN & Sharon Kay Coffman, Debtors.**

**Bankruptcy No. 90–20811–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

March 25, 1991.

Michael L. McDorman, Versailles, Mo., for American Bank of Morgan County.

Charles F. Johnson, Osage Beach, Mo., for debtors.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The issue presented is the objection of a creditor to the exemptions claimed by debtors in certain pensions and in certain personal property. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2). For reasons stated below, the Court concludes that the objections to the exemption of the personal property should be allowed and the objections to the exemption of the pensions should not be allowed.

First, as to the personal property, it consists of a Model 12 Winchester Pump Gun valued at $600.00 and a J.C. Higgins Rifle valued at $40.00. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, has ruled that firearms are not household goods and

cannot be exempted under that provision. In debtors' amended schedules there is no other statutory exemption listed that can apply to the firearms, so they cannot be exempted. Debtors are directed to deliver the firearms to the Trustee.

Now, as to the pensions. Debtor Paul D. Coffman is 47 years old and a long term employee of Southwestern Bell Telephone Co. He was operated on three weeks ago for what apparently is a non-malignant lung growth and is not yet allowed to return to work. He has a vested interest in a pension plan with a $7,000.00 clear value. Debtor Sharon Coffman, age 45, is employed at the Bank of Versailles. The bank also has a pension plan and she is vested to the amount of $6951.13. The Court believes that both pension plans constitute property of the estate, *In re Graham*, 726 F.2d 1268 (8th Cir.1984). The Court further believes that neither pension is a true spendthrift trust and thus excludible under 11 U.S.C. § 541(c). *In re Swanson*, 873 F.2d 1121 (8th Cir.1989).

Beyond that point the Court finds it very difficult to pick a confident path through the minefield of the conflicting decisions, not only in other circuits, but in the Western District of Missouri. When such divergences exist in one district as *In re Boon*, 108 B.R. 697 (W.D.Mo., 1989) compared to *Graham* and *Swanson*, supra, or *In re Gaines*, 106 B.R. 1008 (Bankr.W.D.Mo. 1989) vis-a-vis *In re Vickers*, 116 B.R. 149 (Bankr.W.D.Mo.1990), it is difficult to be confident about any aspect of the issue. The latter two cases are particularly interesting when one reflects that both have been affirmed (by two different District Judges in the Western District), and that the District Court, if *Boon* is included, is more divided than the Bankruptcy Court.

The Court can point gentle readers to an excellent syllabus appearing in the *Commercial Law Bulletin*, (January/February 1991, pg. 10). The Court then, in view of the disparate results in such cases, can only reiterate what it has previously said in *In re Schmitt*, 113 B.R. 1007 (Bankr.W.D. Mo.1990) and in *In re Gallagher*, i.e., that ERISA does not require preemption of R.S.Mo. § 513.430(10). Until specifically directed otherwise by Decree of the Eighth Circuit or the District Court of this district, each case will be determined on the basis heretofore set out.

■ One final guideline. The Honorable Arthur Federman has suggested a threshold value of pension benefits before same would not be automatically considered reasonably necessary for the welfare of the debtor. *In re Boykin*, 118 B.R. 716 (Bankr.W.D.Mo.1990). In *Boykin* he set that threshold somewhere above $12,-000.00. This Court would agree with the threshold concept, but might suggest that the threshold be balanced with the homestead exemption of $8,000.00. In other words, each debtor would be able to exempt $8,000.00 in vested pension value under R.S.Mo. § 513.430(10) unless the Trustee could show that the debtor or debtors would be likely to accumulate substantial other retirement funds, beyond what would be normal or anticipated.

■ Applying all the foregoing to the present facts, the Court will overrule American Bank's objections to the debtors' pension exemptions under R.S.Mo. § 513.430(10) for two reasons. First, in view of the age and health of debtor Paul Jean Coffman, the funds in his pension plan are reasonably necessary for his welfare. Second, he is below the threshold that this Court believes should be allowed. There was no evidence of any unusual factors that would increase his retirement benefits beyond normal expectations.

■ Although the health of debtor Sharon Coffman was good, her age also is a factor. The testimony was that her employer had instituted the pension plan in 1986 and that in some five years she has accumulated $6,951.13. If conditions remain the same this would indicate she could accumulate some $30,000.00 more in the next twenty years given the current interest rates. Such a sum does not offend the Court's sensibility since Social Security and the income from the two pension plans will be all that she and her husband foreseeably will have to live on after retirement.

Finally, the amount available is once again less than the homestead exemption as discussed above. That too weights the decision of the Court.

The Objection To Exemption as regard the pension plans of debtors is OVERRULED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.