In re Ray Brown RAMIREZ, Debtor.

Gerald A. RIMMEL, Trustee, Plaintiff,

v.

Ray Brown RAMIREZ, MCI Communications Corporation, on behalf of the MCI Communications Corporation Employee Stock Ownership Plan and 401(K), the Administrative Committee of the MCI Communications Corporation Employee Stock Ownership Plan and 401(K), and Mellon Bank, N.A., Defendants.

Bankruptcy No. 90–05641–BKC–DPM.
Adv. No. 91–4185.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 12, 1992.

Eileen J. Markey, Susman, Schermer, Rimmell & Shifrin, Clayton, Mo., for trustee/plaintiff.

Joseph J. Trad, Larry E. Parres, Lewis, Rice & Fingersh, St. Louis, Mo., for MCI.

Steven S. Fluhr, Clayton, Mo., for debtor.

## MEMORANDUM OPINION

KAREN M. SEE, Bankruptcy Judge.

The Trustee's Amended Complaint requests that debtor, his employer and the pension administrators be ordered to turn over debtor's interest in a pension plan. Debtor's motion to dismiss, filed August 1, 1991, is sustained. This action is a core proceeding and the court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The court makes the following findings and conclusions.

### I. FACTS

On November 13, 1990, debtor Ray Ramirez filed a Chapter 7 bankruptcy petition and schedules, including Debtor's Schedule B–4—Property Claimed as Exempt, which stated:

| TYPE OF PROPERTY | LOCATION, DESCRIPTION, & SO FAR AS RELEVANT TO THE CLAIM OF EXEMPTION PRESENT USE OF PROPERTY | SPECIFY STATUTE CREATING THE EXEMPTION | VALUE CLAIMED EXEMPT |
|---|---|---|---|
| Pension M.C.I. Tele. Corp. | M.C.I. Tele. Corp. No present use | RSMo 513.475 | unknown |

There are two parts to the MCI pension plan: the Employee Stock Ownership Plan ("ESOP"), and the 401(k). Debtor intended the term "M.C.I. Tele. Corp. Pension" to encompass both parts. The statute cited, RSMo 513.475, is for homestead exemptions, but the citation was inadvertent error. Debtor's attorney intended to list RSMo 513.430, the Missouri exemption statute for pension plans. The value of both plans totals about $9,000.

On December 11, 1990, plaintiff was appointed Chapter 7 Trustee. On January 3, 1991, debtor (and counsel) appeared at the § 341 meeting. The Trustee questioned debtor and concluded the meeting, as confirmed in a document filed January 25, 1991. An order granting debtor's discharge was entered March 14, 1991.

The Trustee did not object to exemptions within 30 days after conclusion of the § 341 meeting, as required by Bankruptcy Rule 4003(b). Instead, on June 27, 1991, almost seven months after conclusion of the meeting, the Trustee filed a complaint under 11 U.S.C. § 541 for turnover of debtor's interest in the pension plan. An amended complaint added MCI Communications Corporation on behalf of the ESOP and 401(k) plan, the Administrative Committee of the MCI ESOP and 401(k) plan, and Mellon Bank, N.A. as defendants.

## II. GOOD FAITH EXEMPTION AND TIMELINESS OF OBJECTION

■ The original and amended complaints recite that debtor has not claimed an exemption in the pension plan. Debtor contends he did claim an exemption and the complaint should be dismissed as untimely because no objection was filed within 30 days after conclusion of the § 341 meeting, as mandated by Bankruptcy Rule 4003(b) and by Order of the Court dated November 23, 1990.

The Trustee argues the 30 day deadline was never triggered because an effective exemption had not been claimed for two reasons: 1) the reference in the schedules to "Pension, M.C.I. Tele. Corp." did not identify both the ESOP and the 401(k) plan; and 2) the citation to the exemption statute was incorrect.

The Trustee relies on *In Re Peterson*, 920 F.2d 1389 (8th Cir.1990). Under the particular facts of the present case, the court must reject the argument that *Peterson* allows the Trustee to file an untimely objection to the claimed exemption.

First, the contention that the language did not specify both parts of the pension plan is without merit. The reference to "Pension, M.C.I. Tele. Corp." is sufficiently clear to encompass both the ESOP and 401(k) parts of the MCI pension plan.

■ Second, the Trustee contends the erroneous citation of the homestead statute rather than the pension statute makes the listing of the pension plan wholly ineffective as a claimed exemption. *In Re Peterson*, 920 F.2d at 1393, directs that in analyzing a late objection to a claimed exemption, the court must determine whether the debtor had a good faith statutory basis for the exemption. The court finds debtor had a good faith statutory basis for the claim pursuant to *In Re Vickers*, 954 F.2d 1426 (8th Cir.1992), which confirms that state law exemptions for pensions are effective in bankruptcy. Debtor made a good faith claim of exemption of the pension plan pursuant to RSMo 513.430, despite citing RSMo 513.475. The citation was obviously a mistake, and the explanation of debtor's counsel that the incorrect citation was inadvertent error is not disputed.

■ Debtor's listing of the pension plan as exempt pursuant to RSMo 513.475 was harmless error because the Trustee had either actual knowledge or clear notice of debtor's intended exemption. By the express words the schedule is clear that debtor intended to exempt his pension plan despite the incorrect citation. Moreover, at a pre-trial conference the Trustee's attorney acknowledged that debtor's failure to cite the correct statute was "patent" and "blatantly obvious," which indicates the Trustee (and his staff) either understood the

exemption claimed, or should have known because the language in the schedule is clear despite the error.

Under the circumstances presented here, one could not reasonably conclude that debtor was intentionally claiming an exemption in a pension only under the homestead statute and not claiming under an available pension exemption statute.[1] If the Trustee knows the intended exemption despite a typographical error, or if the error is so clear that the claimed exemption is readily understandable, it is not fair for the Trustee to wait almost seven months to object by taking advantage of a technicality, especially where the Trustee had the opportunity to inquire about the apparent discrepancy at the § 341 meeting.[2]

In summary, the court concludes: there has been no showing that the exemption claimed was not properly claimed; the pension was claimed exempt in good faith; there is a good faith statutory basis for the exemption; the Trustee either knew or had clear notice of the exemption intended to be claimed in the pension plan; the objection in the Turnover Complaint is untimely; and no reason has been presented to permit the untimely objection.

### III. THRESHOLD AMOUNT ON EXEMPTION

■■■ A final, equally important consideration is the necessity of setting a reasonable threshold below which it ordinarily should be presumed that the funds meet the Missouri statutory requirement for exemption. This court adopts $12,000 as a reasonable threshold from *In Re Boykin*,

118 B.R. 716, 720 (Bankr.W.D.Mo.1990). *See also In Re Coffman*, 125 B.R. 238, 239 (Bankr.W.D.Mo.1991) ($8,000). The court finds that as a threshold matter, the sum of approximately $9,000 at issue here, which is being accumulated for debtor's retirement, is reasonably necessary for debtor's support.

The effect of *Vickers* is to require determinations of whether pension plan funds are reasonably necessary for the support of debtors or dependents under the Missouri exemption statute. There are two practical reasons for setting a threshold. The first reason is simply that every person needs some minimal amount in reserve for retirement or emergencies, as contemplated by Missouri's exemption statute. Below a certain point, to litigate whether the funds are reasonably necessary is not feasible and should not be necessary.

■■■ The second reason for a reasonable threshold is because the litigation has to have at least the potential to benefit the estate, and below a certain point it is simply not beneficial to litigate pension disputes. Any funds turned over from this pension plan would be reduced by taxes (estimated at 40% based on penalties for early withdrawal and debtor's salary), the Trustee's commission pursuant to 11 U.S.C. § 326, and the Trustee's attorney fees (he is represented by his firm) and other costs of litigation, such as transcript fees, incurred in this action. In light of the small amount involved, after deduction of the above items, there would be little or nothing left to distribute to creditors.[3] There-

1. The exemption of pension funds in bankruptcy has been the subject of much litigation in Missouri and nationwide for several years, and is a frequent topic at bankruptcy seminars in Missouri. At this point it must be assumed that Missouri bankruptcy lawyers and trustees are very familiar with these issues.

2. There are instances where the Trustee cannot ascertain the claimed exemptions due to poorly drafted schedules. Such errors are typically corrected at the Trustee's request made at or soon after the § 341 meeting. Trustees administer voluminous cases and cannot reasonably be expected to request amendments in every case. But here, where the error was obvious and inadvertent, and there is no indication that

counsel is a "repeat offender" in filing deficient schedules, the scale tips in favor of extending debtor's counsel the courtesy of an opportunity to correct the citation. Yet, the action was filed without giving counsel a chance at the § 341 meeting or thereafter to make the minor correction.

3. Other than this pension dispute, it appears this is a no-asset case, so this would be the only source of funds for distribution. However, before any distribution to creditors, other administrative claims, such as debtor's attorney fees or trustee's attorney fees incurred on other matters in the bankruptcy, would first be payable from these funds.

**224**

fore, there would be no benefit to the creditors of the estate to proceed further with this litigation.

It would not be right for this matter to be pursued with defendants being required to engage in expensive litigation, in a case without any real chance of benefit to creditors of the estate, but with the bulk of any recovery going primarily to pay attorney fees incurred in the litigation, and trustee commissions and taxes generated by the result.

The remaining defendants moved for dismissal in their answer, and the amended complaint is also dismissed with prejudice as to them. It would not benefit the estate or its creditors to allow the Trustee to proceed with an action to require the other defendants to turn over the debtor's interest in the pension plan. As a result of the ruling herein, the Trustee would be required to turn around and release the funds back to debtor pursuant to the exemption, so further litigation with any of the defendants in this action would be a futile and costly undertaking and would be contrary to the best interests of all parties.

For the foregoing reasons, debtor's motion to dismiss the amended complaint for turnover and the oral motion to dismiss of the remaining defendants are granted. It is hereby

ORDERED that Plaintiff's Amended Complaint is dismissed with prejudice as to all defendants, with costs taxed to plaintiff.