117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evalyn PREBLICH, Appellant,
v.
Kenneth BATTLEY, Appellee.
 No. 95-35630.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 7, 1997.**
Submission deferred February 18, 1997.
Resubmitted July 3, 1997.
Decided July 7, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Denial of Motion to Vacate District Court Order Regarding Trustee's Objections to Creditor's Claims
 
 
 3
 Although the notice requirements were violated in this case, the violation was harmless because Preblich was not "deprived" of any property interest without due process of law. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); In re New Concept Housing, Inc., 951 F.2d 932, 937 (8th Cir.1991).
 
 
 4
 First, each of the claims objected to by the trustee was disallowed by the bankruptcy court. Thus, even if Preblich had attended the hearing, she could not have obtained a better outcome for herself.
 
 
 5
 Second, although Preblich claims that she was prejudiced by the lack of notice because the stay on a piece of property was lifted at the hearing, she provides no evidence in support of this claim. The bankruptcy court docket sheet does state that the Municipality of Anchorage and the trustee stipulated that the property was subject to relief from the stay. However, Preblich does not dispute the trustee's assertion that the stay has not been lifted. Until, and unless, an attempt is made to actually lift the stay that was apparently discussed at the hearing, Preblich has not been deprived of a property interest and the lack of notice was therefore harmless.[1]
 
 
 6
 Finally, because the stay has not been lifted, there has been no attempt to "bind" Preblich to the "results of the proceeding," and Local Bankruptcy Rule 70(d)(3) has not been violated. See Local Bankruptcy Rule 70(d)(3) (providing that parties that do not receive notice "shall not be bound by the results of any proceeding noticed, unless the Court in a separate contested matter determines otherwise").
 
 
 7
 B. Denial of Preblich's Motion for Return of all Income Received from Deeds of Trust
 
 1. Waiver
 
 8
 The trustee argues that because Preblich failed to present her argument concerning exemption under the Alaska Statutes in the district court, the argument is waived and not properly before this court.[2]
 
 
 9
 It is true that we will not generally consider issues that have not been raised before the district court. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985). However, when, as in the present case, "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed," we have the discretion to resolve the issue notwithstanding the district court's failure to decide it below. Id. Exercise of this discretion is especially appropriate in the present case because resolution of the exemption issue is clear and injustice will result if we fail to address it. See Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir.1986). We therefore exercise our discretion and address whether Preblich is entitled to a return of the deed of trust income under Alaska Stat. § 09.38.030.[3]
 
 2. Exemption of the Deed of Trust Income
 
 10
 There is no question that Preblich was not receiving "weekly net earnings" under section 09.38.030(a). Therefore, the income from the deeds of trust is exempt only if it falls within section 09.38.030(b)'s definition of other liquid assets.
 
 
 11
 Section 09.38.030(b) defines liquid assets as including "deposits, securities, notes, drafts ... and receivables." A deed of trust, an interest in land created by a written instrument providing security for the payment of a debt, see Black's Law Dictionary (6th ed.1990), is essentially a security and therefore falls within section 09.38.030(b)'s definition of "liquid assets." As a liquid asset, Preblich's $1,100 per month income from the deeds of trust is exempt. See Alaska Stat. § 09.38.030.
 
 
 12
 Under 11 U.S.C. § 522(c), any property that is exempt under state law (if the debtor has chosen state law exemptions) is not liable for any debt of the debtor that arose before commencement of the bankruptcy proceedings, unless one of the exceptions apply. Preblich's income from the deeds of trust is exempt under Alaska state law and none of the exceptions to exemption apply. She is therefore entitled to the return of the income on the deeds of trust from 1988 to the present. Furthermore, as the district court recognized, if the income from the deeds of trust is not property of the estate, which it is not because of the exemption, the trustee is not entitled to use any of the income to pay the pre-discharge debts. Title 15 U.S.C. § 1673, which places restrictions on garnishment, is therefore inapplicable.
 
 CONCLUSION
 
 13
 The district court's order is AFFIRMED in part and VACATED in part. The portion of the district court's order affirming the bankruptcy court's denial of Preblich's motion to reopen the hearing on the trustee's objections to the creditors' claims is AFFIRMED. The portion of the district court's order affirming the bankruptcy court's order denying Preblich's motion for return of the deed of trust income is VACATED and REMANDED for further proceedings consistent with this memorandum.
 
 
 14
 AFFIRMED in part, VACATED and REMANDED in part. No costs allowed.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Before any attempt can be made to lift the stay on this property, another hearing must be held in which proper notice is given to all parties, including Preblich
 
 
 [2]
 Preblich did raise this argument before the bankruptcy court and the district court was aware that the argument had been raised and rejected by the bankruptcy court
 
 
 [3]
 We also note that Preblich is proceeding pro se. We therefore liberally construe her arguments before the district court and allow any cognizable arguments on appeal. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987); Feistman v. C.I.R., 587 F.2d 941, 942 (9th Cir.1978)