ORDER
 

 T.G. NELSON, Circuit Judge.
 

 The Memorandum disposition filed July 7, 1997 [117 F.3d 1426, 1997 WL 377152], is withdrawn.
 

 The appellee’s petition for rehearing is DENIED.
 

 OPINION
 

 Evalyn Preblich, a debtor in bankruptcy, appeals the district court’s affirmance of the bankruptcy court’s denial of Preblich’s motions to reopen the hearing on the trustee’s objections to creditors’ claims and for return of proceeds from certain escrow accounts. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 

 I.
 

 Until the late 1980’s, Evalyn Preblich was engaged in buying, selling and financing real estate. She filed for bankruptcy in October 1987 during a real estate crash that hit Anchorage in the mid-1980’s. Preblich originally filed for bankruptcy under Chapter 11, but her case was converted to Chapter 7 on November 8, 1988. The appellee, Kenneth W. Battley, was appointed trustee of the bankrupt estate on November 9,' 1988. Preblich was granted a discharge on May 20,1991.
 

 In January 1993, Preblich moved the bankruptcy court for a return of payments that had been received by the trustee on certain escrow accounts.
 
 [2]
 
 Preblich claimed that these proceeds were exempt under the state exemption statute, Alaska Stat. § 09.38.030(b). On February 10, 1993, the trustee filed an objection to Preblich’s claim of exemption in the escrow proceeds. On February 24, 1993, the bankruptcy court denied Preblich’s motion, finding that “to the extent Ms. Preblich was entitled to any exemption under this state exemption statute, she has already received the proceeds.”
 

 On June 22, 1994, the trustee filed a notice of motion objecting to claims that certain creditors had made against the
 
 *1051
 
 bankrupt estate. The bankruptcy court held a hearing on the trustee’s objections on August 1, 1994, and on August 2, 1994, sustained the trustee’s objections.
 

 On July 29, 1994, Preblich again moved the bankruptcy court for return of the escrow proceeds. On August 30, 1994, Preblich also moved the bankruptcy court to vacate its order sustaining the trustee’s objections to the creditors’ claims. Preb-lich alleged that she had not been notified of the trustee’s objections or the hearing on the objections and that her due process rights had therefore been violated.
 

 The bankruptcy court denied both of Preblieh’s pending motions on September 6, 1994. The district court affirmed the bankruptcy court’s denial of Preblieh’s motions on April 18, 1995. Preblich timely appeals.
 

 II.
 

 We review the district court’s decision on appeal from a bankruptcy court
 
 de novo. In re Siragusa,
 
 27 F.3d 406, 407 (9th Cir.1994). “We independently review the bankruptcy court’s decision and do not give deference to the district court’s determinations.”
 
 In re Weisman,
 
 5 F.3d 417, 419 (9th Cir.1993). “We apply a clearly erroneous standard to the bankruptcy court’s findings of fact and review its conclusions of law
 
 de novo.” Id.
 

 III.
 

 Preblich contends that she was deprived of a property interest without due process of law, and that the local bankruptcy rules were violated, because she did not receive notice of the trustee’s objections to the creditors’ claims or of the hearing on the trustee’s objections. Preblich seeks to have the bankruptcy court’s order sustaining the trustee’s objections vacated and another hearing held so that she may participate in the hearing.
 

 It is clear that under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the local bankruptcy rules, the trustee was required to give Preblich notice of his objections to the creditors’ claims and of the hearing on those objections.
 
 See
 
 11 U.S.C. § 502(b); Fed. R. Bankr.P. 3007; U.S. Bankr.Ct. for Dist. of Alaska Local Rule 70.
 
 See also In re New Concept Housing, Inc.,
 
 951 F.2d 932, 937 (8th Cir.1991) (finding that Fed. R. Bankr.P. 3007 requires a trustee to notify a debtor of disputed claims and of the hearing on the claims). It is also clear that the trustee failed to give Preblich the required notice and that he therefore violated the bankruptcy rules’ notice requirements.
 

 “We do not condone violations of the Bankruptcy Rules’ notice requirements.”
 
 In re New Concept Housing,
 
 951 F.2d at 937. Every effort should be made to comply with these notice requirements, and the failure to give the proper notice may, in some situations, require a second hearing or other appropriate remedy. We hold, however, that in the present case, the failure to give Preblich the required notice was harmless and does not require us to vacate the bankruptcy court’s order sustaining the trustee’s objections.
 
 See id.
 
 at 937-38.
 

 First, the trustee’s failure to give Preblich notice of the objections and the hearing on those objections did not violate Preblieh’s due process rights. The Due Process Clause guarantees only that an individual will not “be deprived of life, liberty, or property, without due process of law.” U.S. Const, amend. V. Thus, to show a violation of the Due Process Clause, an individual must first show that he or she was “deprived of life, liberty, or property.” Preblich cannot meet this requirement.
 

 Preblich claims that she was deprived of a property interest because the stay on a piece of property was lifted at the hearing. She fails, however, to provide any evidence to support this claim. Although the bankruptcy court docket sheet states that the Municipality of Anchorage and the trustee
 
 *1052
 
 stipulated that certain property was subject to relief from the stay, Preblich does not dispute the trustee’s assertion that the stay has not been lifted on this property. Until, and unless, an attempt is made to actually lift the stay that was apparently discussed at the hearing, Preblich has not been deprived of a property interest and the lack of notice was therefore harmless.
 
 [3]
 

 See Logan v. Zimmerman Brush Co.,
 
 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (“We must [first] determine whether [plaintiff] was deprived of a protected interest.”);
 
 In re New Concept,
 
 951 F.2d at 937 n. 7 (holding that no due process violation occurred because the debtor had not been deprived of a protected property interest).
 

 Second, Local Bankruptcy Rule 70 does not provide the relief Preblich seeks. Rule 70 provides that parties who do not receive notice “shall not be bound by the results of any proceeding noticed, unless the Court in a separate contested matter determines otherwise.” U.S. Bankr.Ct. for Dist. of Alaska Local Rule 70(d)(3). The bankruptcy court determined, in a separate contested matter, that Preblich was not entitled to challenge the order disallowing certain claims. Moreover, Preblich is not being “bound” to anything. The only “result” of the proceeding was that all of the trustee’s objections to the creditors’ claims were sustained.
 

 The bankruptcy court’s refusal to vacate its order sustaining the trustee’s objections and hold another hearing was not erroneous.
 

 IV.
 

 Preblich argues that her claim of exemption in the escrow proceeds should be allowed because the trustee failed to file a timely objection to her claim and has therefore waived any argument that the proceeds are not exempt.
 

 A debtor claiming property as “exempt” must file a list of that property with the bankruptcy court.
 
 See
 
 11 U.S.C. § 522ffl. Unless a “party in interest” files a “timely” objection to the debtor’s claim of exemption, the property claimed as exempt on such list is deemed exempt and any argument that the property is not exempt is waived.
 
 See id.;
 
 Fed. R. Bankr.P. 4003(b);
 
 Taylor v. Freeland & Kronz,
 
 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (holding that after time to file objection has run, exemption cannot be contested, “whether or not [the debtor] had a colorable statutory basis for claiming it”). An objection to a claim of exemption is “timely” only if it is filed within thirty days after the conclusion of the meeting of creditors held pursuant to Federal Bankruptcy Rule 2003(a), or the filing of an amendment to the list of exemptions.
 
 See
 
 Fed. R. Bankr.P. 4003(b).
 

 To start the thirty-day objection period running, the debtor’s list (“schedule”) of exemptions must be sufficient to notify the creditors and the trustee exactly what property the debtor is claiming as exempt.
 
 See
 
 Fed. R. Bankr.P. 4003;
 
 In re Hyman,
 
 967 F.2d 1316, 1319 (9th Cir.1992);
 
 In re Woodson,
 
 839 F.2d 610, 615 (9th Cir.1988). If the schedule of exemptions is insufficient to put the trustee and/or creditors on notice as to the property that the debtor is claiming as exempt, the thirty-day objection period begins to run only upon the debtor’s amendment to the schedule of exemptions, or upon receipt of actual notice by the trustee or the creditor objecting to the claim of exemption.
 
 See Woodson,
 
 839 F.2d at 614-15 (finding objection filed thirty-one days after amendment to schedule of exemptions timely where debtor failed to serve creditor with amended schedule of exemptions);
 
 In re Peterson,
 
 929 F.2d 385, 388 (8th Cir.1991) (finding untimely a creditor’s objection filed more than thirty days after the creditor received
 
 actual
 
 notice
 
 of
 
 the
 
 *1053
 
 claim of exemption despite the failure of the debtor to send the required notice to that creditor);
 
 In re Zimmer,
 
 154 B.R. 705, 710 (Bankr.S.D.Ohio 1993) (holding that once a trustee has actual notice of the claimed exemption, the time for objection began to run);
 
 In re Ramirez,
 
 139 B.R. 220, 222-23 (Bankr.E.D.Mo.1992) (holding that once a trustee either knows or has clear notice of the exemption intended to be claimed, the time for objection begins to run).
 

 To determine whether the trustee filed a timely objection to Preblich’s claim of exemption in the escrow proceeds, we must determine when the thirty-day objection period was triggered. This in turn depends on whether Preblich’s schedule of exemptions was sufficient to put the trustee on notice that she was claiming an exemption in the escrow proceeds and, if not, when the trustee received actual notice that Preblich was claiming such an exemption.
 

 A.
 
 Sufficiency of Schedule of Exemptions
 

 Preblich’s Schedule B-4, filed on October 27, 1987, listed her exemptions as including:
 

 Type of Property Value Claimed Exempt Statute, Location, Description, Use
 

 Wages Alaska Statutes 1,100 § 9.38.030 head of household $1100. per month
 

 This schedule lists the type of property being claimed as exempt as “wages.” There' is absolutely no reference in this schedule to escrow proceeds, deeds of trust Or anything else that would have put the trustee on notice that Preblich was claiming- an exemption in the escrow proceeds. The bankruptcy court’s finding that Preblich’s schedule of exemptions was insufficient to put the trustee on notice that Preblich was claiming an exemption in the escrow proceeds is not clearly erroneous.
 

 B.
 
 When Trustee Received Actual Notice
 

 Because Preblich’s schedule of exemptions was not sufficient to put the trustee on notice that she was claiming an exemption in the escrow proceeds, the thirty-day objection period was triggered only upon the trustee receiving actual notice of the claim of exemption.
 
 [4]
 
 The bankruptcy court found that the trustee did not receive actual notice of the claimed exemption until January 11,1993. This finding is not clearly erroneous.
 

 At the time that Preblich filed her schedule of exemptions, her case was in Chapter 11. Although Preblich made clear, at a November 30, 1987, hearing before the bankruptcy court, that she was claiming the escrow proceeds as exempt, at this point in time, no trustee had been appointed to the case. Only Preblich, Mr. Zorea (Preblich’s attorney at the time) and the bankruptcy judge were at this Chapter 11 hearing.
 

 Preblich’s case was converted to Chapter 7 on November 8,1988, and the trustee was appointed on November 9, 1988. There is no evidence that the trustee was informed of the November 30, 1987, discussion of an exemption in the escrow proceeds, or that the trustee was in any other way informed of the claimed exemption.
 

 On November 29, 1988, a creditors’ meeting was held. At this meeting, there was an extensive discussion of the escrow accounts. In fact, the trustee’s entire focus was on Preblich’s list of assets and the
 
 *1054
 
 deeds of trust. No mention was made by either the trustee or Preblich of any claimed exemption in the escrow proceeds.
 

 On January 4, 1989, the trustee contacted the bank handling the escrow accounts and arranged for all future proceeds from these escrows to be forwarded to the trustee. The trustee collected the escrow proceeds from January 1989 until January 1993, a period of
 
 four years,
 
 before Preb-lich made any attempt to intervene. This evidence indicates not only that the trustee did not have notice that Preblich was claiming an exemption in the escrow proceeds, but also that Preblich was not initially claiming such an exemption.
 

 Further evidence that Preblich was not initially claiming an exemption in the escrow proceeds is found in a January 31, 1990, letter from one of Preblich’s former attorneys. This letter asks the trustee if he would be receptive to “the possibility of [Ms. Preblich] claiming an exemption in the monthly payments from the escrows.”
 

 The bankruptcy court’s finding that the trustee did not receive actual notice that Preblich was claiming an exemption in the escrow proceeds until January 11, 1993, is supported by the evidence in the record and is not, therefore, clearly erroneous.
 

 C.
 
 Timeliness of Trustee’s Objection
 

 Because Preblich’s schedule of exemptions was inadequate, the time for filing an objection to the claim of exemption did not begin to run until the trustee received actual notice of the claim on January 11, 1993. The trustee filed an objection to Preblich’s claim of exemption on February 10, 1993, within thirty days of receiving actual notice. The trustee’s objection to the claim of exemption was therefore timely.
 
 See
 
 Fed. R. Bankr.P. 4003(b).
 

 Y.
 

 In his petition for rehearing, the trustee argues, for the first time, that Preblich failed to timely appeal from the bankruptcy court’s denial of her motion for return of the escrow proceeds and that the district court therefore had no jurisdiction over Preblich’s appeal from the denial of the exemption.
 

 We generally refuse to consider issues raised for the first time in a petition for rehearing. However, because this issue concerns the district court’s subject matter jurisdiction over the appeal from the bankruptcy court’s order denying Preblich’s claim of exemption, we are obligated to consider it.
 
 See
 
 Fed.R.Civ.P. 12(h)(3) (“Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.”);
 
 City of Kenosha, Wisc. v. Bruno,
 
 412 U.S. 507, 511, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973);
 
 Branson v. Nott,
 
 62 F.3d 287, 293 n. 9 (9th Cir.1995).
 

 To determine whether the district court had jurisdiction over Preblich’s appeal from the bankruptcy court’s order denying her claim of exemption, we must answer two questions: (1) whether immediate appeal from the denial of a claim of exemption is mandatory or permissive; and (2) whether Preblich’s appeal from the bankruptcy court’s denial of her claim of exemption was timely.
 
 [5]
 

 A.
 
 Appeal from Bankruptcy Court’s Denial of Claim of Exemption
 

 District court jurisdiction over appeals from bankruptcy court orders is derived from 28 U.S.C. § 158(a), which provides:
 

 The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees [of the bankruptcy court]; (2) from interlocutory orders and decrees
 
 *1055
 
 issued under section 1121(d) of title 11 ... and (3) with leave of the [bankruptcy] court, from other interlocutory orders and decrees.
 

 28 U.S.C § 158(a).
 

 It is undisputed that the bankruptcy court’s order denying Preblich’s claim of exemption is not an interlocutory order or decree issued under 11 U.S.C. § 1121(d) and that the appeal to the district court did not therefore fall under subsection (2) of § 158(a). It is also undisputed that Preblich did not obtain leave of the bankruptcy court to file the appeal and that the appeal did not therefore fall under subsection (3) of § 158(a). Thus, the only possible source of district court jurisdiction in this case is subsection (1) of § 158(a)-an appeal from a “final” judgment, order or decree.
 
 See id We
 
 must therefore determine whether the bankruptcy court’s February 24, 1993, order denying Preblich’s claim of exemption was a “final” judgment, order or decree.
 

 Because of the unique nature of bankruptcy, this circuit has taken a “pragmatic” approach in determining whether a judgment, order or decree is “final” in bankruptcy cases.
 
 See In re Mason,
 
 709 F.2d 1313, 1318 (9th Cir.1983). This approach “emphasizes the need for immediate review, rather than whether the order is technically interlocutory, in determining what is appealable as a final judgment in bankruptcy proceedings.”
 
 In re White,
 
 727 F.2d 884, 885 (9th Cir.1984).
 

 In
 
 In re White,
 
 we held that a bankruptcy court’s order denying an exemption was a final, appealable order and that a debtor whose exemption had been denied
 
 may
 
 immediately appeal to this court.
 
 See id
 
 at 886. In so holding, we. recognized that an order denying an exemption did not meet the conventional test for a “final” judgment “because it [did] not . terminate the entire bankruptcy.”
 
 Id.
 
 at 885. We found, however, that in light of the fact that the order denying an exemption “finally determined all issues regarding the claimed exemption,” and in light of the need “for immediate review of orders granting or denying exemptions,” the denial of an exemption was a final order that
 
 could be
 
 appealed.
 
 See id
 
 at 886.
 

 Our decision in
 
 In, re White
 
 would appear to control the present case. There is, however, an important distinction between
 
 In re White
 
 and the present case. In
 
 In re White,
 
 the question we addressed was whether a debtor
 
 may
 
 immediately appeal the denial of an exemption. We did not address the argument now before us-that although the denial of an exemption is final for purposes of
 
 allomng
 
 immediate appeal, it is “technically 'interlocutory” and immediate -appeal is not, therefore,
 
 required.
 

 In
 
 In re Slimick,
 
 928 F.2d 304 (9th Cir.1990), we held that an appeal filed more than ten days after the bankruptcy court’s denial of an exemption .was untimely.
 
 See id
 
 at 307-09. The issue before us was not, however, whether an order denying an exemption was a “final” order that
 
 required
 
 immediate appeal. Rather, the issue was which of two documents filed by the bankruptcy court-each denying the claim of exemption-was the “final” order that triggered the ten-day period in which to file a notice of appeal.
 
 See id.
 
 at 306-07. We held that the first of the two documents was the “final” order and that the appeal, filed more than ten days after the first document was entered, was untimely.
 
 See id.
 
 at 307-09. In doing so, we assumed, without analysis, that the denial of an exemption was a final order that required an immediate appeal.
 
 See id.
 

 Thus, our prior decisions have not explicitly addressed the question that we must answer today-whether a debtor
 
 must
 
 immediately appeal from the denial of an exemption or forfeit the right to appeal. Moreover, although several other circuits have addressed whether a debtor may immediately appeal from the denial of an exemption, none have explicitly addressed whether an immediate appeal is mandatory.
 
 See, e.g., In re Yonikus,
 
 996 F.2d 866, 868 (7th Cir.1993);
 
 In re Huebner,
 
 986
 
 *1056
 
 F.2d 1222, 1224 (8th Cir.1993);
 
 In re England,
 
 975 F.2d 1168, 1172 (5th Cir.1992);
 
 In re Brayshaw,
 
 912 F.2d 1255, 1256 (10th Cir.1990);
 
 In re Sumy,
 
 777 F.2d 921, 923 (4th Cir.1985);
 
 John T. Mather Memorial Hosp. v. Pearl,
 
 723 F.2d 193, 193 n. 1 (2d Cir.1983);
 
 see also In re Garcia,
 
 168 B.R. 403, 405-06 (D.Ariz.1994).
 
 But see In re Wisz,
 
 778 F.2d 762, 764 (llth Cir.1985) (holding that denial of a claim of exemption is not “final” and therefore not immediately appealable).
 

 We now make explicit what was implicit in our holdings in
 
 In re White
 
 and
 
 In re Slimick:
 
 a bankruptcy court’s order denying a claim of exemption is a final, appealable order under 28 U.S.C. § 158(a)(1) and any appeal from such an order must be taken within the time allowed under the bankruptcy rules, or the right to appeal will be waived.
 

 As discussed, we have previously held that an. order denying a claim of exemption is a “final” order under 28 U.S.C. § 158(a).
 
 See In re Slimick,
 
 928 F.2d at 307-09. It follows from Bankruptcy Rule 8001 that, absent an extension (or the presence of some other basis for appealing), a notice of appeal must be filed within ten days of the entry of an order.
 
 [6]
 
 Failure to file within the time limit divests the appellate court of jurisdiction.
 
 See In re Souza,
 
 795 F.2d 855, 857 (9th Cir.1986).
 

 An order from a bankruptcy court denying a claim of exemption finally determines the discrete matter to which it was addressed, determines and seriously affects substantial rights and can “cause irreparable harm if the losing party must wait until bankruptcy proceedings terminate before appealing.”
 
 See In re Allen,
 
 896 F.2d 416, 418 (9th Cir.1990). We therefore hold that the denial of a claim of exemption is a “final” order under 28 U.S.C. § 158(a)(1) and that appeal from an order denying an exemption must be taken within the time allowed under the bankruptcy rules or the right to appeal will be waived.
 
 [7]
 

 B.
 
 Timeliness of Preblich’s Appeal from Denial of
 
 Exemption
 

 To timely appeal from the bank-, ruptey court’s order denying her claim of exemption, Preblich had to file a notice of appeal within ten days of entry of the order.
 
 See
 
 Fed. R. Bankr.P. 8002(a).
 
 [8]
 
 Preblich failed to comply with this requirement.
 

 On February 24, 1993, the bankruptcy court entered its order denying Preblich’s January 1993 motion claiming an exemption in the escrow proceeds. Preblich never filed a notice of appeal from this order. Instead, on July 29, 1994, Preblich ‘filed another motion claiming the escrow proceeds were exempt. It was only after this
 
 *1057
 
 second motion was denied by the bankruptcy court that Preblich filed a notice of appeal on September 2, 1994. This notice of appeal, filed more than eighteen months-after entry of the bankruptcy court’s February 24, 1993, order denying the exemption, was well outside of the ten-day period allowed under Rule 3002(a). It was therefore untimely.
 

 Even if we construe Preblich’s second motion, filed July 29, 1994, as a Rule 9023 motion to alter or amend the judgment,
 
 [9]
 
 we must still hold that the notice of appeal was untimely. Under Rule 8002(b), if a party makes a
 
 timely
 
 motion for relief under Rule 9023, the time to file a notice of appeal does not begin to run until the bankruptcy court’s order disposing of the motion is entered.
 
 See
 
 Fed. R. Bankr.P. 8002(b) (1993).
 
 [10]
 
 A
 
 timely
 
 motion to alter or amend under Rule 9023 is one filed within ten days of the entry of judgment.
 
 See
 
 Fed. R. Bankr.P. 9023; Fed.R.Civ.P. 59(b).
 

 Preblich did not file her second motion for return of the escrow proceeds until July 29, 1994, approximately seventeen months after the bankruptcy court entered its order denying her claim of exemption. This motion, filed more “than ten days after the entry of judgment” was therefore not “timely” for purposes of appeal.
 
 See
 
 Fed. R. Bankr.P. 8002(b).
 

 Preblich’s failure to file a notice of appeal within ten days of the bankruptcy court’s February 24, 1993, order deprived the district court of jurisdiction to consider whether the escrow proceeds were exempt under Alaska state law.
 
 See In re Mouradick,
 
 13 F.3d 326, 327 (9th Cir.1994) (“[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”).
 

 VI.
 

 The portion of the district court’s order affirming the bankruptcy court’s denial of Preblich’s motion to reopen the hearing on the trustee’s objections to the creditors’ claims is AFFIRMED. The portion of the district court’s order affirming the bankruptcy court’s order denying Preblich’s motion for return of the deed of trust income is VACATED for lack of jurisdiction.
 

 We thank amicus for accepting- appointment and rendering such a helpful service to the court.
 

 AFFIRMED in part and VACATED in part. No costs allowed.
 

 [2]
 

 . These escrow accounts contained several deeds of trust on various properties that Preb-lich had sold. Apparently, while her case was in Chapter 11, Preblich had been allowed to keep the proceeds received from these escrows. It was not until early 1989, a few months after her case was converted to Chapter 7 and a trustee was appointed, that these escrow proceeds were seized by the trustee.
 

 [3]
 

 . Before any attempt can be made to lift the stay on this property, another hearing must be held in which proper notice is given to
 
 all
 
 parties, including Preblich.
 

 [4]
 

 . It is undisputed that Preblich did not amend her schedule of exemptions. Therefore, the time period for filing objections began to run only upon the trustee receiving actual notice of the claim.
 
 See In re Peterson, 929
 
 F.2d at 388.
 

 [5]
 

 . We appointed William Bates III and Kevin M. Epstein of McCutchen, Boyle, Brown & Encrsen, LLP, as
 
 pro bono amicus curiae
 
 to brief the issue of whether immediate appeal from a bankruptcy court’s order denying an exemption is mandatory or permissive.
 

 [6]
 

 .' At the time of this appeal, Rule 8001 provided: "An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court ... shall be taken by filing a notice of appeal ... within the time allowed by Rule .8002.” Fed. R. Bankr.P. 8001(a) (1995). Rule 8002 provides that a notice of appeal must be filed "within 10 days of the date of the entry of judgment, order, or decree appealed from.” Fed. R. Bankr.P. 8002(a).
 

 [7]
 

 . We recognize that other courts have held that an order that is "final” under § 158 is not subject to mandatory appeal unless it is also "final” under 28 U.S.C. § 1291.
 
 See In re Haugen,
 
 998 F.2d 1442, 1447 (8th Cir.1993);
 
 In re Kilgus,
 
 811 F.2d 1112, 1116 (7th Cir.1987);
 
 but see In re Gould,
 
 977 F.2d 1038, 1040-41 & n. 3 (7th Cir.1992) (stating that
 
 In re Kilgus
 
 was merely an exception "disregarding [the] liberal finality rule *[t]o avoid inducing parties to take indiscriminate appeals' ”). These cases effectively interpreted “final” in § 158(a) as different from "final” in Rule 8001. As of 1997, Rule 8001 was amended to read: "An appeal from a judgment, order, or decree of a bankruptcy judge to a district court.,
 
 as permitted by 28 U.S.C. § 158(a)(1)
 
 or (a)(2) shall be taken by filing a notice of appeal .. . within the time allowed by Rule 8002.” Fed, R. Bankr.P. 8001(a) (emphasis added). The history of this amendment clarifies that a "final” § 158(a) order is subject to Rule 8001.
 

 [8]
 

 ."The notice ol appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.” Fed. R. Bankr.P. 8002(a).
 

 [9]
 

 . Rule 9023 provides the process by which a party can move to alter or amend a judgment.
 
 See
 
 Fed. R. Bankr.P. 9023 (incorporating Fed. R.Civ.P. 59). Preblich did not label her second motion for return of income as a Rule 9023 motion. However, to give Preblich the benefit of the doubt, we assume, for purposes of this appeal, that the motion was intended to be a Rule 9023 motion.
 

 [10]
 

 . At the time of her second motion, Rule 8002(b) provided: "If a timely motion is filed by any party ... under Rule 9023 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.”