**In re: Douglas Dee WILLIAMS, Debtor**

**California Student Aid Commission, Appellee,**

**v.**

**Douglas Dee Williams, Appellant.**

No. 99–17440.

D.C. Nos. CV 98–05119–REC
CV 96–01279–REC.

BKCY No. 96–12219–A–7F.

United States Court of Appeals, Ninth Circuit.

Argued April 9, 2001.

Submitted April 16, 2001.

Decided May 24, 2001.

Before BEEZER, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

During his Chapter 7 bankruptcy proceedings, Appellant Douglas Dee Williams ("Williams") sought discharge of his student loans under 11 U.S.C. § 523(a)(8)(B). Under that provision, the bankruptcy court had to determine whether Appellant would be subjected to "undue hardship" if

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

he were required to repay those loans. The bankruptcy court held that repayment of his loans would impose such a hardship on Appellant, but the district court reversed.

■ " 'Because this court is in as good a position as the district court to review the findings of the bankruptcy court, it independently reviews the bankruptcy court's decision.' " *In re Pena*, 155 F.3d 1108, 1110 (9th Cir.1998) (quoting *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986)). In this circumstance, this court does not give deference to the district court's decision. *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir.1999). This court reviews *de novo* the bankruptcy court's conclusions of law and reviews its findings of fact for clear error. *In re Pena*, 155 F.3d at 1110. "Review under the clearly erroneous standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.' " *Concrete Pipe & Prods. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).

In *In re Pena*, 155 F.3d at 1112, this court adopted the three-pronged test for "undue hardship" set out in *In re Brunner*, 831 F.2d 395, 396 (2d Cir.1987). A debtor must satisfy all three prongs of the test in order to show "undue hardship." *In re Nascimento*, 241 B.R. 440, 445 (9th Cir.BAP1999).

■ We agree with the district court that Williams fails the first prong. Under this prong, the debtor must show " 'that she cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans.' " *Pena*, 155 F.3d at 1111 (quoting *Brunner*, 831 F.2d at 396). That prong "requires more than a

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

showing of tight finances. In defining undue hardship, courts require more than temporary financial adversity but typically stop short of utter hopelessness. The proper inquiry is whether it would be 'unconscionable' to require the Debtor to take steps to earn more income or reduce her expenses." *Nascimento*, 241 B.R. at 445 (citations omitted).

■ The bankruptcy court clearly erred in finding that Appellant satisfied the first prong by concluding that he could not maintain a "minimal" standard of living if compelled to repay his student loans. Williams works only ten months out of twelve, yet he testified in 1997 that if his student loans were discharged, he would not work during the summer because he would not need the money. In addition, he lives alone in a two-bedroom apartment; while he testified that he had unsuccessfully sought a roommate, there is no evidence that he was unable to find a less expensive one-bedroom apartment. Requiring Williams to work during the summer and to find a less expensive apartment would not be unconscionable, and would allow him to make payments on his student loans.

■ The bankruptcy court failed to make any factual findings regarding the other two prongs of the *Brunner* test. The district court, however, made findings of fact regarding both prongs, concluding that Williams satisfied neither. In order to meet the standard of the second prong, a debtor must show that her circumstances are "unique" or "exceptional." *In re Brunner*, 46 B.R. 752, 755 (S.D.N.Y.1985). The district court found that "[t]here are no factual findings [that] indicate 'unique' or 'exceptional' circumstances. Although Williams did suffer an injury during college, he is able to work. Williams clearly has usable job skills; he has a job as a teacher. There is no evidence to support a finding that Williams meets prong two."

We agree with the district court. Although Williams had trouble finding a steady job between 1993 and the fall of 1995, he has held a steady job since then, and there is no indication that he will not be able to maintain his current employment status.

As for the third prong, the district court noted Williams' failure to make any payment on his loan between signing the promissory note and filing for bankruptcy. Furthermore, his only payments on the debt were made pursuant to the bankruptcy court's interim order. That is, Williams made no voluntary payments on the debt at any time. Williams thus failed to demonstrate any good faith effort to repay his loan; the district court did not err in finding that he failed to meet the third prong of the *Brunner* test.

Because Appellant fails to satisfy the *Brunner* test, we AFFIRM the district court.