**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of: DANNY R. STILL, Jr.,

Debtor,

ARAM ARAKELYAN; ANAHITA
ARAKELYAN,

Appellants,

v.

DANNY R. STILL, Jr.; DIANE
TRISTAN,

Appellees.

No. 12-56475

D.C. No. 2:12-cv-00613-DOC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 15, 2014[**]
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants appeal the district court's order affirming the judgment of the bankruptcy court. Because the parties are familiar with the factual background and procedural history of this case, we need not discuss them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1**. "Whether a given representation is an expression of opinion or a statement of fact depends on the circumstances of the particular case." *Daniels v. Oldenburg*, 100 Cal. App. 2d 724, 727 (1950). "[W]hen a party possesses or holds itself out as possessing superior knowledge or special information or expertise regarding the subject matter and a plaintiff is so situated that it may reasonably rely on such supposed knowledge, information, or expertise, the defendant's representation may be treated as one of material fact." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 408 (1992). Here, Aram Arakelyan's statement — that the only way to save the property was through a straw sale — was offered as an assertion of fact by someone who held himself out as having superior knowledge of mortgages and home foreclosures.

"Whether reliance is justified is a question of fact for the determination of the trial court; the issue is whether the person who claims reliance was justified in believing the representation in the light of his own knowledge and experience." *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 503 (1984). The bankruptcy

court correctly found that the Stills, who "were vulnerable and unsophisticated first-time home owners," and who "appeared to be ignorant of how loan financing works," were justified in "believ[ing] everything that Aram told them if it meant that they could save [their home]."

Thus, Aram Arakelyan's statement was an actionable misrepresentation, and the Stills justifiably relied on this statement.

**2**. Defendants waived their argument as to the treble damages award by not raising it on their first appeal to the district court. An appeal of "a bankruptcy court's [final] order . . . must be taken within the time allowed under the bankruptcy rules, or the right to appeal will be waived." *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999). Defendants had fourteen days from the date the bankruptcy court issued its final order (September 10, 2008) to appeal the allocation of treble damages. Fed. R. Bankr. Proc. 8002(a). Defendants did not raise the issue until their second appeal to the district court in April 2012, almost four years later. Defendants thus waived the issue.

**AFFIRMED.**