**IN RE: JUN HO YANG; Ho Soon Hwang Yang, Debtors,**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Jun Ho Yang; Ho Soon Hwang
Yang, Appellants,

v.

Fund Management International,
LLC, Appellee.

No. 16–60016
BAP No. 15–1057

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 28, 2017

FILED OCTOBER 03, 2017

Marsha A. Houston, Esquire, Christopher Rivas, Reed Smith LLP, Los Angeles, CA, for Appellants.

Steven R. Fox, Steven R Fox, Encino, CA, Mark Edwards, Heller & Edwards, Beverly Hills, CA, for Appellee.

Before: W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,* Chief District Judge.

MEMORANDUM **

Jun Ho Yang and his wife Ho Soon Hwang Yang (collectively, the Yangs) appeal the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's grant of summary judgment to Fund Management International, LLC on its claim that the debt owed by the Yangs is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). We have jurisdiction under 28 U.S.C. § 158(d)(1).

Although the facts to which a party has stipulated remain binding on that party throughout the various phases of the same case, see Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez, 561 U.S. 661, 676–77, 130 S.Ct. 2971, 177 L.Ed.2d 838 (2010), neither the BAP nor the parties have pointed us to any legal principle (and we are aware of none) providing any basis other than collateral estoppel for holding that facts stipulated by a party in one case could bind that party in a different case. Cf. Hayhoe v. Cole (In re Cole), 226 B.R. 647, 655 (B.A.P. 9th Cir. 1998).

Under California law, stipulated facts in one case may be given preclusive effect in a different case only "when the parties manifest an intent to be collaterally bound by its terms." Cal. State Auto. Assn. Inter–Ins. Bureau v. Superior Court, 50 Cal. 3d 658, 664, 268 Cal.Rptr. 284, 788 P.2d 1156 (1990). Here, Jun Ho Yang submitted a declaration that he did not intend the stipulated facts in the Settlement Agreement and Stipulation for Entry of Judgment in the prior state court action to have a preclusive effect in future proceedings. Such a declaration (even if self-serving) creates a genuine issue of material fact as to the parties' intent. See Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 498 (9th Cir. 2015). Accordingly, the BAP erred in holding that the facts to which the Yangs stipulated were binding on them in their subsequent bankruptcy proceeding as a matter of law.[1] The parties shall bear their own costs on appeal.

**REVERSED AND REMANDED**

* The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because we decide on this basis, we do not address whether the Yangs' stipulations