**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN HO YANG; HO SOON HWANG
YANG,

Appellants,

v.

FUND MANAGEMENT
INTERNATIONAL, LLC,

Appellee.

No.    20-55051

D.C. No. 2:18-cv-10183-JAK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 2, 2021
Pasadena, California

Before:  GOULD, LEE, and VANDYKE, Circuit Judges.

Jun Ho Yang ("Jun Ho") and his wife, Ho Soon Hwang Yang ("Ho Soon")

(collectively, the "Yangs"), appeal the district court's affirmance of the bankruptcy

court's grant of judgment in favor of Fund Management International, LLC

("FMI") on its claim of non-dischargeability under 11 U.S.C. § 523(a)(2).  Because

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's decision on appeal from a bankruptcy court decision *de novo*. *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999). When reviewing a bankruptcy court order, we review conclusions of law *de novo* and factual findings for clear error. *Id*. We review the application of collateral estoppel *de novo*. *See United States v. 22 Santa Barbara Drive*, 264 F.3d 860, 868 (9th Cir. 2001).

The bankruptcy court did not err in interpreting our mandate in *Yang v. Fund Mgmt. Int'l, LLC (In re Jun Ho Yang)*, 698 F. App'x 374 (9th Cir. 2017). The rule is settled that "[a] district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). But the district court may "decide anything not foreclosed by the mandate." *Id*. Here, our prior decision required the bankruptcy court to determine whether the parties manifested an intent for the State Court Stipulation and Judgment to bind them in subsequent proceedings—including this one. *See In re Jun Ho Yang*, 698 F. App'x at 374. Because we left the bankruptcy court free to decide other issues on remand, its decision to confine the evidentiary hearing to the issue of intent was consistent

2

with our mandate, and was not error.

Nor did the bankruptcy court err in determining that the requirements of issue preclusion were met. "[T]he preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing 28 U.S.C. § 1738). Under California law, "a stipulated judgment may properly be given collateral estoppel effect, at least when the parties manifest an intent to be collaterally bound by its terms." *Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 50 Cal. 3d 658, 664 (1990).[1]

Applying these principles, the bankruptcy court found that the parties intended for the state court judgment to bind them in subsequent proceedings. That factual finding withstands clear error review. Under the Settlement Agreement, Jun Ho stipulated to the "facts supporting the claims made against him"—including fraud—and admitted in Paragraph 12 that the facts and claims in the State Court Complaint "are within the meaning of 11 U.S.C.A. 523," which is the same statute under which FMI brought its non-dischargeability claim in these

---

[1] The California Supreme Court went on to observe: "It seems fair to say that by specifically stipulating to the issue of liability, the parties intended the ensuing judgment to collaterally estop further litigation on that issue." *Cal. State Auto.*, 50 Cal. 3d at 664 n.2. "Were their intent otherwise, the parties easily could have expressly restricted the scope of the agreement." *Id*.

proceedings.

Moreover, Paragraph 12 of the Settlement Agreement does not amount to a prepetition waiver. Generally, "[i]t is against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code." *Bank of China v. Huang (In re Huang)*, 275 F.3d 1173, 1177 (9th Cir. 2002). Collateral estoppel is an exception to that rule. When "the parties stipulate[] to the underlying facts that support a finding of nondischargeability, [a] Stipulated Judgment would then be entitled to collateral estoppel application." *Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 655 (B.A.P. 9th Cir. 1998).

The factual admissions in the Settlement Agreement directly relate to the fraud alleged in FMI's complaint for non-dischargeability. As noted above, Jun Ho stipulated to the facts supporting a finding of fraud under California law, which contains the same elements as the fraud exception to discharge in 11 U.S.C. § 523(a)(2). *See Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373–74 (B.A.P. 9th Cir. 1997), *aff'd*, 163 F.3d 609 (9th Cir. 1998).

Finally, the bankruptcy court did not err in entering judgment against Jun Ho's wife, Ho Soon. Under California law, collateral estoppel may be asserted against a party who "was a party or in privity with a party at the prior proceeding." *Mueller v. J. C. Penney Co.*, 173 Cal. App. 3d 713, 723 (1985). "[S]pouses are in privity with each other where the cause of action in the prior litigation was

4

'community in nature' and the 'proceeds of any judgment that might have been recovered . . . would have belonged to both husband and wife, as community property.'" *Id*. (omission in original) (quoting *Zaragosa v. Craven*, 33 Cal. 2d 315, 321 (1949)).

Ho Soon was named in the State Court Complaint, which alleged that she "participated in the fraud by knowingly accepting the benefits of the FMI funds diverted by [Jun Ho] for their personal use as husband and wife," that she "was fully aware of the facts of the fraud at the time it was occurring," and that "the FMI funds fraudulently taken . . . by [Jun Ho] were funneled to family trusts in which [Ho Soon] is a beneficiary." Because the fraudulently obtained funds were deposited into accounts shared by the Yangs, the bankruptcy court properly gave collateral effect to the state court judgment against Ho Soon.

**AFFIRMED.**